(101 So. 509)

## WILLIAMS v. STATE.   (4 Div. 914.)

(Court of Appeals of Alabama.   Oct. 7, 1924.)

1. Criminal law ⬚941(1)—New trial for newly discovered evidence held properly denied, where evidence was cumulative.

New trial in prosecution for grand larceny upon ground of newly discovered evidence was properly denied, where evidence was merely cumulative to that introduced upon trial.

2. Criminal law ⬚936(6)—New trial on ground of surprise held properly denied when continuance not asked.

New trial, in prosecution for grand larceny, on ground of surprise was properly denied. in view of Acts 1915, p. 722. where party surprised upon discovery of cause operating as surprise failed to move for a continuance or postponement of trial.

3. Criminal law ⬚905—Function of motion for new trial stated.

Function of a motion for new trial is to set up some error of law in trial of main case or fact that defendant has some newly discovered evidence that he could not obtain on original trial.

Appeal from Circuit Court, Barbour County;   J. S. Williams, Judge.

John Williams was convicted of grand larceny, and he appeals.   Affirmed.

G. E. Jones, of Clayton, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J.   The defendant was convicted of the offense of grand larceny; the specific charge being that he feloniously took and carried away from the person of Wyatt Womack certain moneys, with full description, aggregating $36.

The evidence was in conflict, and during the trial no exceptions were reserved to any

ruling of the court. No special charges were requested. No brief has been filed in behalf of appellant or by the state. We gather from the record that appellant relies upon the action of the court in overruling his motion for a new trial to effect a reversal of the judgment appealed from.

[1] Upon an examination of the motion for a new trial we note that it was predicated upon surprise and also upon so-called newly discovered evidence, and this evidence is set out in the bill of exceptions. The evidence, however, is merely cumulative to that introduced on the main trial. This being true, the court properly overruled the motion, for under all the authorities it is a well-settled rule that a new trial will not be granted on the ground of newly discovered evidence when the new evidence relied on is merely cumulative to that introduced upon the trial.

[2] The third ground of the motion is predicated upon surprise. This ground reads as follows:

"The only witness for the state surprised the defendant by his testimony to the effect that said witness had not been gambling, which the defendant says was false testimony, and the defendant was unable during the progress of the trial to produce testimony showing the falsity of said testimony, but now brings said testimony to the attention of the court, and prays for a new trial on the ground of surprise."

It is not the office of a motion for a new trial to provide relief on the ground of surprise, unless proper steps are taken at the time. A party surprised "upon the trial of a cause, in order to secure proper relief from such surprise, should move for a continuance of the cause or a postponement of the trial.

"The correct practice in such case is for the party at once, upon the discovery of the cause, during the progress of the trial, which operates as a surprise on him, to move a continuance or postponement of the trial, and not attempt to avail himself of the chance of obtaining a verdict on the evidence he has been able to introduce, and if he should fail, then to apply for a new trial on the ground of surprise." Hoskins v. Hight, 95 Ala. 284, 11 So. 253; McDuffie & Sons v. Weeks, 9 Ala. App. 282, 63 So. 739.

[3] The function of a motion for a new trial is to set up some error of law in the trial of the main case or the fact that the defendant has some newly discovered evidence that he could not obtain on the original trial. The court will not be put in error for denying the motion for new trial under the facts here shown. Acts 1915, p. 722; Hackett v. Cash, 196 Ala. 403, 72 So. 52; Benton v. State, 16 Ala. App. 192, 72 So. 476; cases cited in Shepard's Alabama Citations, vol. 9, p. 316 (May, 1924). No error appears upon the record. The judgment appealed from is affirmed.

Affirmed.