(139 So. 300)

## SPARKS v. STATE.
### 6 Div. 165.

Court of Appeals of Alabama.
Jan. 19, 1932.

J. B. Powell, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The testimony of the woman alleged to have been assaulted, corroborated in some particulars by the testimony of her brother, tended to prove the crime as charged, and, although the scene laid and the surroundings described by their testimony is unusual for the commission of a crime of this nature, the weight of the testimony was for the jury, and, if they believed the testimony of the girl beyond a reasonable doubt, the evidence was sufficient upon which to base a verdict of guilt. The testimony of the defendant's witnesses was a direct denial of the incriminating facts as testified to by the woman alleged to have been assaulted; but the defendant's evidence is not so overwhelming as to warrant the setting aside the verdict on the ground that the verdict was contrary to the great weight of the testimony.

One of the grounds set out in the defendant's motion for a new trial is that, "For about two months preceding the trial of this cause he was confined in the county jail and had no opportunity to investigate the character of the prosecuting witness, Janie Harris; that since the trial of said cause he has been informed and advised that she was a woman of bad character; that her character for virtue was bad and that she was considered in the community where she lived as a lewd woman. That defendant offers to prove upon the hearing of this motion that the said Janie Harris was a woman of bad reputation, and that her character for chastity was bad and that her neighbors in the community where she lived would not believe her on oath."

On the hearing of the motion, the defendant introduced witness after witness who testified to the bad character of the woman alleged to have been assaulted, and upon whose testimony the state relies for a conviction.

These witnesses, appearing to be disinterested, testified fully on direct and cross-examination as to the woman's bad character for veracity and chastity, and several testified as to acts which in themselves stamped her as an unchaste woman. None of this evidence was disputed, and on the trial would have been admissible in evidence in defendant's favor, to have been considered by the jury along with the other evidence in the case. It appears also from the judgment entry that on the trial this defendant was not represented by counsel. We therefore have a case where a defendant confined in jail for two months is brought to the bar without counsel, and by a jury is found guilty on the evidence presented, which did not contain testimony affecting the character of the state's witness upon whose testimony alone the state relied. After verdict, it became known to defendant that witnesses living in the community with the state's witness would testify to her bad character for truth and chastity and that she was unworthy of belief in a court of justice; and, further, an affidavit by her brother-in-law, that he and his wife had made examination of the underclothes of the prosecuting witness on the night of the alleged assault and that such examination disclosed facts wholly at variance with the statement made by her as to any assault.

The function of a motion for a new trial is to set up some error of law in trial of the main case, or fact that defendant has some newly discovered evidence that he could not obtain on original trial. Williams v. State, 20 Ala. App. 275, 101 So. 509.

In this case, the trial was had without legal error, and therefore this motion rests upon newly discovered evidence, which was not produced on the trial through no fault of defendant. That defendant was without counsel and in jail from the time of his arrest to his trial acquits him of negligence in the procuring of witnesses. That the evidence is not cumulative appears from the bill of exceptions. That the evidence offered on the motion was relevant to the issues involved is without doubt. That the evidence is true is not here disputed. While the newly discovered evidence was for the sole purpose of discrediting the prosecuting witness, it appears probable that such evidence would have changed the result of the trial. Cosby v. State, 202 Ala. 419, 80 So. 803; Houston v. State, 208 Ala. 660, 95 So. 145; Middleton v. State, 22 Ala. App. 146, 113 So. 625; Inman v. State, 22 Ala. App. 344, 115 So. 704.

The trial court should have granted the motion for a new trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.