4 So.2d 195

### CARTER v. STATE.

3 Div. 842.

Court of Appeals of Alabama.

June 30, 1941.

Rehearing Denied Oct. 7, 1941.

James Garrett and John D. Petree, Jr., both of Montgomery, for appellant.

Thos. S. Lawson, Atty. Gen., and James F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction of the offense of rape, this appeal was taken.

The indictment, proper in form and substance, charged that the defendant, naming him, forcibly ravished Sarah Milton, a woman, against the peace and dignity of the State of Alabama.

The defendant was duly and legally arraigned, and interposed his plea of not guilty, in answer to the indictment.

Rape being a capital offense, the lower court made and entered all requisite orders, and as to this no questions were raised below, or presented here.

The jury fixed defendant's punishment at twenty years, and the court, in accordance with said verdict duly sentenced him to imprisonment in the penitentiary for a period of twenty years.

The evidence for the State made out a case, and it affirmatively appeared that some person, on the night, and upon the occasion in question, did forcibly ravish the woman named in the indictment. As to the foregoing there appears no conflict or dispute.

As we see it, the principal and controlling question in the case, is the identity of the person who committed the crime. The defendant strenuously insisted he did not do so, and in support of his testimony he introduced several witnesses whose testimony tended to corroborate him. On the other hand, the woman in question testified emphatically that the defendant was the man who forcibly ravished her and no uncertainty appears in her testimony as to this. Other witnesses for the State testified to facts and circumstances which tended strongly to corroborate the testimony of the alleged injured party, hence the conflict in the testimony made the question of the guilt or innocence of the accused for the jury to determine.

Pending the trial of the case in the court below but few exceptions were reserved to the court's rulings. The exceptions have been carefully examined and attentively considered, and we find no ruling of the court in this connection infected with error which probably injuriously affected the substantial rights of the defendant.

It appears, that appellant relies principally upon the exception reserved to the court's action in overruling and denying his motion for a new trial, in order to effect a reversal of the judgment of conviction from which this appeal was taken.

In our case of Williams v. State, 20 Ala. App. 275, 101 So. 509, this court said: "The function of a motion for a new trial is to set up some error of law in the trial of the main case or the fact that the defendant has some newly discovered evidence that he could not obtain on the original trial." See, also, our case of Sparks v. State, 24 Ala.App. 585, 139 So. 300.

In the case at bar, the motion for a new trial is properly presented for review. It is based upon 10 separate and distinct grounds. The first seven grounds of the motion, from what has hereinabove been stated, cannot avail the defendant. The case, as stated, on the facts, presented a jury question, there being a direct conflict in the evidence as to the material facts involved upon the trial. As to the 8th, 9th and 10th grounds of the motion, the Attorney General, makes the following insistence:

"The 8th, 9th and 10th grounds of the motion for a new trial and the argument of counsel in large part are based upon alleged improper argument by the Solicitor in his closing argument to the jury. It is urged that the Solicitor made various alleged statements of facts not in evidence. We have been unable to find, however, after diligent search, in the bill of exceptions or elsewhere anything as to the alleged improper argument. It is submitted, therefore that on this aspect of the case there is nothing before the court for review and that the part of appellant's brief dealing with these alleged errors is entirely academic and moot."

The foregoing insistence is borne out and sustained by the record, for nothing appears therein tending to show that any objection was interposed, during the trial, to any part of the argument made by the Solicitor to the jury; hence no ruling

of the court was invoked in any manner in this connection, therefore it would appear that the defendant acquiesced in said utterances of the Solicitor, and it is axiomatic that the trial court may not be put in error in the absence of any attempt to invoke a ruling of the court in the matters complained of. Woodson v. State, 170 Ala. 87, 54 So. 191.

In answer to the above quoted insistence of the Attorney General, able and earnest counsel for appellant, say in brief:

"In the State's brief it is urged that after diligent search the appellee was unable to find in the bill of exceptions, or elsewhere, anything as to the improper remarks made by the solicitor in the trial of this cause in the Circuit Court and that, consequently, on this phase of the case there is nothing before the Court for review.

"We respectfully submit that the improper remarks of the solicitor are properly and fully set out in the motion for a new trial. The 8th, 9th and 10th grounds of said motion for a new trial point out very plainly, we think, the remarks of the solicitor which, we contend, were unethical, improper, and highly prejudicial and should not have been allowed by the trial court. The motion for a new trial wherein the alleged improper remarks are set out is not only part of the record proper, but is also incorporated and set out in full in the bill of exceptions. The fact that such improper remarks were made during closing argument to the jury was not denied by the solicitor on the hearing for a new trial, nor has it been denied at any subsequent time and, furthermore, the trial court approved and signed the bill of exceptions, thus firmly establishing the fact that such improper remarks were made.

"We submit, therefore, that the fact that such improper remarks were made by the solicitor during his final argument to the jury, and just what these improper remarks consisted of are fully set out in the record, and thus are properly before the Court for review."

■ In support of the motion for a new trial, it is disclosed by the record; "counsel for both parties appeared and the evidence and exhibits taken upon the trial were offered in support of the motion and the merits of the motion were argued by counsel." The evidence on the main trial contained no allusion to the argument of the Solicitor, and no proof was offered in support of the said 8th, 9th and 10th grounds of the motion. The insistence of appellant, in order to sustain these grounds appears to be based upon the fact that on the hearing of the motion the Solicitor made no denial of the fact, that the alleged improper remarks in his argument had been made. As to this, as stated hereinabove, this question cannot be presented in the manner undertaken, for the reasons above stated. Moreover, the Solicitor, under the conditions, was not called upon or required to affirm or deny that the remarks complained of were made. It is not the office of a motion for a new trial to open up a field of new inquiry so that a retrial of the case may be had. The only manner in which this question could be considered, in the court below, on motion for a new trial, and in this court on review, would have been the consideration of some adverse ruling pending the trial, to which exception was duly reserved.

As to argument of counsel, and law incident thereto, see Anderson v. State, 209 Ala. 36, 95 So. 171; also American Express Co. v. Reid, 216 Ala. 479, 113 So. 507.

■ Reverting to the facts in this case, this court is in accord with the statement by appellant's counsel that the evidence disclosed "a mighty strange rape." From the evidence of the alleged injured party, and that in corroboration of what she testified, it was rape, however, and the probative weight or force of this testimony was for the jury, and not for the trial court or this court to determine.

The record proper in this case is regular and without apparent error. There being no reversible error in any of the trial court's rulings complained of, we must perforce hold, that the judgment of conviction from which this appeal was taken shall stand affirmed.

Affirmed.