74 So.2d 612

**HOLLOMAN v. STATE.**

**5 Div. 441.**

Court of Appeals of Alabama.

May 18, 1954.

Rehearing Denied June 8, 1954.

[1]. Ante, p. 546.

W. Clarence Atkeison, Prattville, and J. B. Atkinson, Clanton, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of vagrancy.

The record shows that on 24 June 1952 Mrs. Holloman executed an affidavit before Hon. Felix L. Smith, County Solicitor of Coosa County, setting forth that she had probable cause for believing, and did believe, that the appellant was a vagrant in that he, an ablebodied man, had abandoned his wife and children, without just cause, and without sufficient means of support.

Pursuant to such affidavit a warrant for appellant's arrest was issued by Mr. Smith, said warrant being made returnable to the County Court of Coosa County.

On 7 July 1952 the appellant was tried in the County Court of Coosa County and adjudged guilty.

The appellant duly perfected an appeal to the Circuit Court of Coosa County.

In the Circuit Court the Solicitor filed complaint conforming to the affidavit.

On 12 October 1953 the appellant entered a plea of guilty to the complaint, and judgment was duly entered, appellant being fined $50, and sentenced to hard labor for Coosa County for twelve months as additional punishment.

Thereafter the appellant duly filed a motion for a new trial, and upon its denial he perfected an appeal to this court.

It appears from the record that some four grounds were assigned in support of the motion for a new trial:

1. That at the time of the calling of the case for trial the defendant was without counsel, and was a person of unsound mind.

2. That the defendant, as a matter of law, under the facts was not guilty of vagrancy.

3. That the facts the State could have offered in support of the charge of vagran-

cy were insufficient as a matter of law to sustain a conviction on a charge of vagrancy.

4. For that the judgment is contrary to law.

At the hearing upon the motion for a new trial it appears that the court permitted both sides great latitude in presenting evidence. In fact the case was virtually tried de novo.

 It is not the office of a motion for a new trial to open up a field of new inquiry so that a retrial of a case may be had. Carter v. State, 30 Ala.App. 251, 4 So.2d 195. As stated in Williams v. State, 20 Ala.App. 275, 101 So. 509, "The function of a motion for a new trial is to set up some error of law in trial of the main case, or fact that defendant has some newly discovered evidence that he could not obtain on original trial." See also Sparks v. State, 24 Ala.App. 585, 139 So. 300, 301.

Therefore, "unless the moving party is entitled, as a matter of right, to the relief demanded, it is not error to deny a motion which cannot be allowed substantially in the form in which it is presented." 28 Cyc. Law and Procedure, p. 17, Par. B(2).

Clearly therefore, as to grounds 1, 2, and 3 of the motion, the trial court was fully justified in denying the motion, and as to these grounds we do not think there is anything before us for review.

As to ground 4, that the judgment is contrary to law, counsel for appellant argues that the conviction cannot be supported because the prosecution rested only on a complaint filed by the Solicitor which was not supported by an affidavit.

The record affirmatively shows the affidavit and warrant upon which appellant was tried in the County Court.

It is appellant's contention however that the affidavit is void because it was executed before the County Solicitor of Coosa County instead of a magistrate.

This contention is without merit. By Section 229(3), Title 13, Code of Alabama 1940 (pocket part), Solicitors, by whatever name, are empowered to take oaths in support of complaints and to issue warrants in all criminal cases, provided such warrants are returnable to a court having original jurisdiction of the offense charged. The warrant issued in this case was returnable to the County Court of Coosa County, a court having original jurisdiction of the offense charged.

 While the ascertainment of probable cause upon which to issue a warrant of arrest involves the exercise of a judicial function, as distinguished from merely administrative or ministerial powers, yet the legislature may commit such functions to ministerial officers because it is not final. Higdon v. Stuckey, 169 Ala. 148, 53 So. 301; Gladden v. State, 36 Ala.App. 197, 54 So.2d 607. This being so, it is clear that the Solicitor's complaint in this cause was supported by a proper affidavit.

Affirmed.