235 So.2d 382

**Nelson JACKSON**

**v.**

**STATE.**

**7 Div. 39.**

Court of Criminal Appeals of Alabama.

April 21, 1970.

Rehearing Denied May 26, 1970.

622

William T. Kominos, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of murder in the second degree and was sentenced to 99 years in the penitentiary.

According to the evidence, the body of Mrs. Vera Hardwick was found inside her store on September 4, 1965, about 8 o'clock A.M. She was last seen alive in front of her store at 5:30 A.M. About 6:10 the same morning a passing motorist saw two cars leaving the front of the store; one car was being pushed by the other. Three boys, Ocie Heard, Wilbur Holmes

and Percy Moore were passing the Hardwick store and saw defendant's car in front of the store. Defendant asked Percy Moore, the driver, to push his car. Moore pushed defendant's car and when it started defendant drove toward Sanie road. Percy Moore observed scratches on defendant's face.

A customer, looking through a store window, saw deceased's legs extending from behind a counter. The customer's screams aroused neighbors who tried to enter the store. The front door; the self-locking type, was locked. The back door was open but the screen was latched on the inside. The screen was forced and Mrs. Hardwick's body was found lying in a pool of blood. The police were called. The cause of death was established as internal hemorrhaging caused by numerous ·stab wounds.

There was testimony that the previous night, Friday, the defendant had participated in a dice game. When he left the game around 11:00 p. m., he had tried to borrow fifty cents. He had been paid his weekly wage on Friday.

Defendant was arrested around 4:00 p. m., the day of the murder and was taken to the Pell City Jail. A billfold was found along the route defendant was taken to jail. It contained a classification card and employment pay receipts bearing Nelson Jackson's name. The wallet also contained $100.00.

The same evening defendant was arrested he was questioned, by several police officers and George Hodges who at that time was the Circuit Solicitor. Solicitor Hodges testified he informed defendant of his constitutional rights.

A proper pre Miranda predicate as to absence of threats, abuse, promises, offer of reward, coercion, etc., was laid.

█ Solicitor Hodges stated he told defendant he didn't have to make a statement if he didn't want to. He asked defendant if he had a lawyer, if not he would be furnished a lawyer. Defendant said, "thank you," he could get a lawyer. Mr. Hodges further testified he told defendant that he could remain silent and did not have to say anything; that if he wanted a lawyer and could not afford a lawyer one would be appointed for him before he was asked any questions; that anything he said could and would be used against him; that he repeated these warnings at least three times during the questioning which according to Lieutenant Ralph Holmes, lasted about 20 to 25 minutes. We are of opinion the defendant was adequately advised of his rights before making any incriminating statement. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R. 3d 974.

On cross examination this witness testified in reply to questioning that he did not think it odd that he had given the Miranda warning in 1965, before the Miranda decision was rendered in 1966; that because of certain rulings of the Supreme Court of the United States he had anticipated the holding in Miranda and had given similar warnings to other defendants.

The testimony was that defendant told the officers he went in the store and walked up to the counter and standing right at the end of the counter was another Negro with a handful of money. Mrs. Hardwick was lying on the floor. The other Negro ran out the back door. Defendant stated he ran after and caught up with him and the other Negro offered him part of the money if defendant wouldn't say anything about it. At this point one of the police officers reminded defendant that the screen door was latched and that fingerprints had been taken. Defendant stated: "I want to tell the truth." He again stated that he had gone in the store and walked up to the counter. When he saw the deceased lying in a pool of blood he picked up a can of soup, threw it behind the counter and ran.

Pictures of defendant, showing scratches on his face and hands, were taken the

night he was arrested. These pictures were admitted in evidence over defendant's objections.

■ Defense counsel's first argument in brief is that the arresting officers did not have a warrant of arrest at the time the arrest was made; that the officers did not have reasonable cause to believe defendant killed Mrs. Hardwick and that a paper in the form of a warrant, set out in the record, does not bear the signature of a magistrate, but is signed by the circuit solicitor.

Section 154, Title 15, Code of Alabama 1940, provides that an officer may arrest a person without a warrant when a felony has been committed and the officer has reasonable cause to believe that the person arrested committed it.

The officers who arrested defendant knew that Mrs. Hardwick had been killed. They had questioned the three men who pushed his car at the scene of the crime and knew of defendant's presence at the store. The officers went to defendant's home, observed the scratches on his face, and placed him under arrest for the killing of Mrs. Hardwick. It is our opinion the evidence shows that the arresting officers had reasonable cause to believe defendant had committed a felony.

The warrant appearing in the record was issued by George W. Hodges, Jr., Circuit Solicitor, and was returnable before the Inferior Court of Pell City. See Title 13, Sec. 229(3), Code 1940; Holloman v. State, 37 Ala.App. 599, 74 So.2d 612. The record contains a motion to quash the "warrant and the indictment" but no ruling of the trial court appears in the record.

■■ Moreover, an indictment in regular form may not be quashed because the warrant under which the indicted person was arrested was defective. Wilson v. State, 99 Ala. 194, 13 So. 427; Toney v. State, 15 Ala.App. 14, 72 So. 508; Trammell v. State, 43 Ala.App. 308, 189 So.2d 760.

■■ The defendant filed a motion for a change of venue, on the grounds that defendant could not obtain a fair trial in St. Clair County because of unfair publicity in the news media regarding the crime charged and because of threats against defendant and his appointed lawyer by the Ku Klux Klan. No evidence was introduced in support of said motion. The burden rests on defendant to show to the reasonable satisfaction of the court that an impartial trial cannot be had and an unbiased verdict cannot be reasonably expected. Welch v. State, 28 Ala.App. 273, 183 So. 879; Hunter v. State, 38 Ala.App. 351, 83 So.2d 737. In the absence of proof to sustain the motion the court will not be put in error for having denied it.

■ The admissions of the photographs of defendant did not violate defendant's constitutional immunity from self incrimination. Aaron v. State, 271 Ala. 70, 122 So.2d 360. [The federal cases cited in *Aaron*, holding that the protections of the Fifth and Fourteenth Amendments do not apply to proceedings in state courts, have been succeeded by Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, which hold that they are applicable in proceedings in state courts.]

The record contains a motion to suppress the testimony of State Toxicologist Shoffeitt based on his examination of "those items of personal belongings of the defendant which have hereto been suppressed from evidence in this cause by this Honorable Court." The motion is endorsed sustained by the Court.

During the trial Dr. Shoffeitt was questioned as to his examination of a leather billfold. The witness stated he received a billfold with a dark stained area. He tested the stain for blood and found it was not blood. No objection was interposed to this testimony. If the billfold was among the items previously suppressed this fact was not called to the court's attention and we

have no way of knowing whether it was one of those items.

The wallet was not seized as the result of a search but was found along the route by which defendant was taken to jail. Abandoned property is not the subject of a search or seizure. Hayes v. State, 44 Ala.App. 539, 215 So.2d 604; Burton v. United States, 9 Cir., 272 F.2d 473, cert. denied, 362 U.S. 951, 80 S.Ct. 863, 4 L.Ed.2d 869. We find no merit in counsel's argument that eliciting testimony from Dr. Shoffeitt pertaining to the wallet was in "direct conflict with the court's previous ruling on motion to suppress."

The evidence presented questions for the consideration of the jury and was sufficient to make out a prima facie case against defendant. The motion to exclude the state's testimony was denied without error.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.