259 So.2d 679

**Barry Everett HAGOOD, alias**

**v.**

**STATE.**

**7 Div. 98.**

Court of Criminal Appeals of Alabama.

March 14, 1972.

Hubert H. Wright, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

PER CURIAM.

The indictment in this case, returned by the Grand Jury of Etowah County, Alabama, in count one charged the appellant with burglary in the first degree and in count two charged him with robbery. The appellant entered a plea of not guilty.

Counsel was appointed to represent the indigent appellant. The jury trying the case returned a verdict of guilty of robbery as charged in the indictment and fixed his punishment at 50 years imprisonment in the state penitentiary.

The appellant filed a motion to require John C. Bradford and Nola F. Bradford, the victims of the robbery, to produce all home owner's insurance policies and riders attached thereto; and any and all insurance and indemnifying coverage on the jewelry described in count two of the indictment. The motion concluded with the following:

"Also the 1969 State and Federal income tax returns, or copies thereof, of John C. Bradford and Nola F. Bradford, and also a current financial statement of John C. Bradford and Nola F. Bradford, in detail, showing all current assets and liabilities."

The motion was discussed before the trial court as the trial began and the court stated he could not then determine whether the motion should be granted and reserved ruling on the same until such time during the trial that it appeared the things sought would be material. The motion was not again called to the attention of the court and a ruling thereon does not appear in the record. However, during the trial, the district attorney stated that the jewelry was present for the inspection of the appellant. The motion did not seek the production of the jewelry; but the insurance policies, the income tax returns, and the financial statement of the victims.

No ruling of the court appears in the record, however, defendant was not entitled to have granted the motion to produce these articles. Smith v. State, 282 Ala. 268, 210 So.2d 826.

The appellant also filed a motion for a change of venue, and made an oral motion for a change of venue. Said motions were presented to the court, but without evidence in support thereof, and overruled.

The evidence in the case tended to show that the home of John C. Bradford was located in Etowah County, Alabama; that a security guard was stationed outside his home and on his premises; that during the nighttime and at about 1:30 or 2:00 A.M., June 10, 1970, the security guard was overcome and handcuffed by four armed men; that three of the men had ski masks on and one of them was unmasked; that the security guard was carried by the four men to the house and they kicked the door of the house open and engaged in a gun fight with Mr. Bradford, in which Bradford and one of the men were each shot in the foot; that the four men entered the bedroom of the home where Bradford was then lying on a bed after being shot; that other members of the family were called into that room; that the men were armed while in the said bedroom; that the jewelry described in the indictment was taken by the men from Mrs. Bradford in the room and in the presence of her husband and that it had a fair and reasonable market value as alleged in the indictment; (the value alleged in the indictment and testified to was in excess of $100,000.00); that during the above described incident several persons came to the house and entered the room, four of whom were police officers or security guards, and on their arrival in the said bedroom they were overcome by the four men, disarmed, and tied up or handcuffed; that a chain was brought into the room along with locks and the chain was placed around the neck of Mrs. Bradford and others and locks placed in the chain to secure them; several witnesses at the scene identified the appellant as one of the men who took part in the robbery and also as being the man shot in the foot; they stated they saw his face and observed him during the incident; that the appellant was identified and pointed out in the courtroom by these witnesses as one of the persons taking part in the robbery. The evidence tending to show the guilt of the appellant was substantial and fully supported the verdict.

During the trial, on more than one occasion, the appellant objected to questions propounded to a witness for the state, the answer to which did or would have revealed a statement by or an act done by one of the confederates of the appellant at the scene and during the robbery and at a time when the appellant was not immediately present where he could see or hear.

A written confession signed by the appellant was offered and admitted in evidence over the objection of the appellant. The evidence relating to its admissibility will be set out in sufficient detail at another place in this opinion.

■ Now we turn our attention to a consideration of the appellant's motion for a change of venue. In Jackson v. State, 45 Ala.App. 621, 235 So.2d 382, the court stated:

"No evidence was introduced in support of said motion. The burden rests on the defendant to show to the reasonable satisfaction of the court that an impartial trial cannot be had and an unbiased verdict cannot be reasonably expected. Welch v. State, 28 Ala.App. 273, 183 So. 879; Hunter v. State, 38 Ala.App. 351, 83 So.2d 737. In the absence of proof to sustain the motion the court will not be put in error for having denied it."

There was a complete absence of proof in support of said motions in the instant case.

■ The evidence in this case clearly shows that a conspiracy existed between the appellant and the other three men in-

volved in the robbery to commit the offense. The trial court correctly overruled the objections of the appellant to questions calling for statements or acts of his confederates made or done out of his presence while the offense was being committed. The rule of evidence applying to such a situation is stated in Edwards v. State, 279 Ala. 371, 185 So.2d 393, 403, in this manner:

"The principle of law to be stated is that, where a conspiracy is established, any act or declaration of a conspirator made or done in furtherance of the common design is admissible in evidence against a co-conspirator, although not made or done in the presence of such a co-conspirator.

\* \* \* \* \* \*

"The principle upon which such acts and declarations are admitted in evidence is that by the act of conspiring together the parties doing so have generally assumed as a body the attribute of individuality as relates to the prosecution of the common design or purpose, and what is done or said by anyone in furtherance of that design is a part of the res gestae, and therefore the act of all. They are also admissible on the grounds of agency."

The Edwards case, supra, does hold that such acts and statements made after the ends of the conspiracy have been accomplished, and it no longer exists, are not admissible against another in his absence and without his knowledge and consent.

The trial court correctly ruled on the admissibility of this evidence.

A written confession signed by the appellant was admitted in evidence in this case over the objection of appellant on the grounds that his constitutional rights had not been explained to him. The record in this case shows that all of the Miranda warnings were carefully read to him and that he was given an opportunity to read them and that he appeared to read them and that he signed a statement containing them. The statement so signed by him also contained the following:

"After having my rights explained to me, I freely and voluntarily waived my right to an attorney. I am willing to make a statement to the officers. I fully understand my rights to an attorney and I have (read—had read to me) this waiver of counsel and fully understand it. No threats or promises have been made to me to induce me to sign this waiver of counsel and to make a statement to the officers."

That statement was admitted in evidence.

The evidence further shows that one of the officers started to type out the appellant's confession and the appellant said, "I'll type it myself," and that he typed out the body of the confession. After the confession was typed out the appellant appeared to read it and it was signed by the appellant.

■ The record is clear to the point that the confession was a voluntary statement and the making of it was also voluntarily done and all rights of the appellant were observed and protected by the officers in taking and receiving the appellant's confession.

The trial court correctly ruled in admitting this evidence.

■ The appellant complains that after the case had been submitted to the jury and had been considered by them, that the jury returned to the courtroom and presented to the court a verdict finding the appellant guilty of burglary and a separate verdict finding the appellant guilty of robbery and thereupon the court gave the jury further instruction and that said instructions were erroneous. However, the record reveals that no objection was made by the appellant to said instructions. The appellant presents his objection for the first time in his brief on this appeal. Under the law of this state the objection comes too late and cannot be considered by this court.

In Moates v. State, 40 Ala.App. 234, 115 So.2d 277, the court said:

"Further, exceptions to the oral instruction of the court must be taken before a jury retires, or they will not be considered."

We have considered the entire record and find no reversible error.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

The judgment is affirmed.

Affirmed.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.