261 So.2d 61

Franklin ANTHONY

v.

STATE.

8 Div. 17.

Court of Criminal Appeals of Alabama.

April 11, 1972.

The basic facts in the case are not in dispute. The defendant and the deceased, Christine Grimes, were both seventeen year old students at Sterling High School in Sheffield. The homicide occurred a few minutes after 10:00 A.M. on February 18, 1965. The deceased and several other girls were seated in the back of a schoolroom waiting for class to begin. Many students were either standing or seated about the room engaged in idle conversation. Some were discussing an Alabama History test which had just been given. The defendant approached the deceased and stood in front of her desk. He had a pistol in his hand and pointed it toward her. He asked her why she had not helped him on the test. The deceased did not answer. The defendant continued to point the pistol at her and then it went off. The deceased clutched at her chest and said, "Oh!, Oh!, Franklin, I think you have shot me." or something to that effect. She then fell from her desk, dead. The defendant stood for a moment after the shot was fired and then dropped the pistol and ran from the room. Later that day he gave himself up at the city jail.

The State called eight students as witnesses. Each testified that he witnessed all or a part of the incident.

The defense did not deny the homicide and proceeded under a plea of insanity. Evidence was introduced which tended to show that the defendant had suffered from epilepsy as a small boy and that his mother had muscular dystrophy. At least six character witnesses testified in the defendant's favor. Many of these witnesses as well as the State's also testified that they knew of no difficulties, past or present, between the defendant and the deceased. Some stated that the defendant did have the reputation of being a practical joker. A friend of the defendant who was the actual owner of the pistol gave testimony which tended to show that the gun had an unusual safety device which could possibly have misled a user.

---

James L. Hunt, Bryce U. Graham, Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., and George W. Hodges, Jr., Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was indicted in the Circuit Court of Colbert County for first degree murder. He was subsequently tried, found guilty of first degree manslaughter and sentenced to three years in the penitentiary.

The defendant took the stand in his own behalf and testified that several days prior to the shooting, a schoolmate had pawned the pistol to him for fifty cents and that he had brought it to school that morning with the intention of returning it. He testified that on the occasion of the incident in question he had the pistol in his coat pocket and a student asked to see it. He stated that he handed it to the student briefly and then took it back and continued to hold it in his hand. The defendant testified that some of the students were discussing the history test. He gave this account of what happened:

"... [T]here wasn't any argument about the test paper, they were talking about it, I said, 'I bet I made four,' and carrying on about the test paper, and just carrying on, and I asked her why she didn't let Varnel see the paper, she didn't say anything, but she was talking to Mildred there and in about four or five minutes when the gun went off. ..."

The defendant testified that he did not intend to shoot the deceased. He stated that he remembered the gun going off and all the events up through the shooting but that he did not know what caused the pistol to fire. He stated that he was aware that there were three loaded shells in the pistol but that he thought the position of the cylinder was such that the firing pin would have fallen on an empty chamber rather than firing a loaded shell.

The State's evidence outlined above appears ample to support the conviction and for this reason the trial court properly denied the defense motion to exclude the evidence.

The defendant was arraigned on March 26, 1965, and was represented by the Honorable Karl Tyree, the Honorable Bryce Graham, and the Honorable James Hunt. Mr. Tyree had represented the defendant prior to arraignment and asked the court for permission to withdraw. The court agreed and at that time appointed Messrs. Graham and Hunt to represent the defend-ant. These attorneys plead the defendant not guilty with leave to file additional pleadings up to noon, April 2, 1965. The trial date was set for April 5, 1965. On April 5 the case was continued until April 7. At that time the defendant's attorneys filed their first written pleadings. These consisted of a motion to produce written statements made by the defendant to the State, an unsworn motion to quash the jury venire, a motion to continue, and a plea in abatement.

The trial court, on motion, struck the plea in abatement and denied the motions to produce and quash. It granted the motion for continuance and continued the case until May 3, 1965. On this date the court permitted the defendant to enter the additional plea of not guilty by reason of insanity.

Whether the motion to produce should have been granted or not is a moot question since no statements purportedly made by defendant to police officers were attempted to be introduced at the trial.

We find no reversible error in the trial court's action granting the motion to strike the plea in abatement. This plea came too late since it was not only filed after arraignment and plea of not guilty but also, after the additional time the court specifically allowed the defense to file such pleadings. Smith v. State, 142 Ala. 14, 39 So. 329; Wimbush v. State, 237 Ala. 153, 186 So. 145; Jordan v. State, 267 Ala. 361, 102 So.2d 4.

The denial of the motion to quash the jury venire was not error. The defendant alleged in his motion that the petit jurors' names were not drawn from the jury box in "open court" pursuant to Tit. 30, § 30, Code of Alabama, 1940, recompiled 1958.

The trial judge drew the jury venire in question in the office of the circuit clerk. The circuit clerk, district attorney, and a deputy sheriff as well as other employees in the clerk's office were present. There

was no evidence of closed or locked doors. On the contrary, the clerk's office was open and anyone desiring to transact business in that office or to witness the drawing of the jury venire could have done so. Such practice has been held permissible. Rush v. State, 253 Ala. 537, 45 So.2d 761.

The defense also offered to show under its motion to quash the jury venire that there was not a single member of the Negro race on the trial venire selected from the jury box for the trial of the case. This, the defense alleged, in and of itself showed systematic exclusion of members of the Negro race from juries in Colbert County. A defendant is not constitutionally entitled to have a member of his race on the jury panel which tries his case. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Bokulich v. Jury Commission of Greene County, Alabama, D.C., 298 F.Supp. 181.

We do not feel that proof of the make up of one trial venire drawn for the trial of one case could adequately show that the system used in selecting names for the jury box did not yield a fair cross-section of the county. There was no allegation, nor offer of proof, that trial venires in the past had or had not contained Negro citizens in any degree. There was also no allegation, nor offer of proof, that the jury box from which the names of this trial venire was drawn did or did not contain the names of Negro citizens, in any degree. See Jackson v. Morrow, 5 Cir., 404 F.2d 903.

The judgment of conviction is due to be affirmed.

Affirmed.

PRICE, P. J., and CATES and TYSON, JJ., concur.