Appellant filed a pro se petition for writ of error coram nobis seeking to overturn his *Page 96 
conviction on a charge of burglary committed in 1971 on a guilty plea. He was sentenced to imprisonment in the penitentiary for seventeen and one-half years on December 9, 1974. He did not take a direct appeal to this Court from that conviction and sentence.
In July, 1973, petitioner was convicted of the crime of rape and the jury fixed his punishment at fifty-six years in the penitentiary. He appealed this rape conviction, and the judgment was affirmed by the Supreme Court on June 20, 1974.Tillis v. State, 292 Ala. 521, 296 So.2d 892.
In his pro se petition appellant sets forth several grounds as to why his conviction should be reversed. They are: (1) he was arrested without a warrant and without probable cause; (2) he was denied the right of counsel during the police investigation; (3) he was coerced into signing a confession; (4) there was never a positive identification made of him; (5) he was coerced into signing a guilty statement by his attorney; (6) the evidence was insufficient to convict him; (7) there was no evidence to connect him with the crime; and, (8) he had a biased and prejudicial jury (all white).
Upon the filing of this petition Judge Eris F. Paul appointed two experienced lawyers to represent appellant. A full blown hearing was held and much testimony was taken. At the conclusion of the hearing the judge denied the petition. Appellant gave notice of appeal and was furnished a free transcript. Trial counsel were appointed to represent him on this appeal.
Judge Paul wrote such a lucid, indepth and comprehensive decree in denying this petition that we think it wise and proper to adopt his decree and order as a part of the opinion of this Court.
"On October 12, 1976, Clarence Tillis filed with the Clerk of this Court a Petition for Writ of Error Coram Nobis to set aside the conviction in Case No. 4975 in which he interposed a plea of guilty to an indictment charging burglary first degree, on December 9, 1974, and was sentenced to seventeen and one-half years. An order was entered setting the Petition for hearing, appointing Richard Whittaker and Mark Jordan, attorneys at law, Enterprise, Alabama, to represent the defendant and returning the petitioner to the custody of the Sheriff of Coffee County for the hearing. The cause was set for trial and heard November 18, 1976. The defendant appeared personally at the hearing with his counsel. At the hearing before the Court in this cause, testimony of the defendant related transactions of one arrest which culminated into four different cases. Therefore, it will be necessary to give some factual background and dates pertaining to this cause.
"In the early morning of July 7, 1973, the defendant was arrested by the police officers of the City of Enterprise, resulting in their removing from his person some marijuana and LSD. While he was in the custody of the officers on said drug charges, they advised him that he was under investigation for rape which occurred July 1, 1973. As the result of an investigation, defendant was charged with two cases of possession of drugs and with one offense of rape and burglary, first degree. On July 10, 1973, the grand jury returned a two-count indictment against the defendant charging him with rape of Carol Stolar and in the second count with first degree burglary, breaking into the home of George Robert Stolar, which was occupied by Carol Stolar, a person lodged therein. On September 24, 1973, the defendant was tried to a jury under the indictment just mentioned, was adjudged guilty and his punishment fixed at fifty-six years. Said case was No. 4917, Coffee County, Enterprise Division. Said case was appealed, and on June 20, 1974, was affirmed by the Supreme Court of Alabama, and is reported as Tillis v. State of Alabama, 292 Ala. 521,296 So.2d 892.
"Two years prior to the rape and burglary for which the defendant was tried in Case No. 4917, and on July 2, 1971, the home of Mrs. Louvienia Gantt Shivers, Enterprise, Alabama, was burglarized in the nighttime and said Mrs. Shivers was stabbed with a blunt instrument which could have been scissors. On investigation of the burglary case at the home of Mrs. *Page 97 
Shivers, investigating officers gathered numerous fingerprints, some of which, apparently, were left on a newspaper in her home. On July 6, 1971, after the Shivers's investigation, investigating officers forwarded the fingerprints to the FBI Laboratory, Washington, D.C. During the investigation of the rape and burglary cases in 1973, the investigating officers had taken the fingerprints of this defendant and forwarded said prints to the FBI Laboratory, Washington, D.C. As the result of comparison of these fingerprints, on July 27, 1973, a warrant was preferred against this defendant for the nighttime burglary of Mrs. Shivers's home. On January 23, 1974, the grand jury returned an indictment against the defendant, relating to the Shivers burglary, charging him with burglary in the first degree. The defendant employed Kenneth Cain as his attorney, was arraigned on February 12, 1975, on the burglary case which was committed in 1971 (Case No. 4975). On written petition of the defendant asking that he be examined to determine whether he was mentally competent, and after hearing thereon on order dated June 12, 1974, the defendant was committed to Searcy Hospital, State Hospital for the Insane, for observation. Being notified by the Superintendent of said institution that the defendant was sane, he was returned to Coffee County for trial. The cause was continued once on defendant's motion and came on for trial on December 9, 1974. On the last day mentioned, December 9, 1974, the defendant appeared with his employed counsel, Kenneth Cain, a jury was selected, and the trial proceeded for some three or four hours. Before the State rested its cause, the defendant, through his attorney, made known to the Court that the defendant wished to change his plea of not guilty and enter a plea of guilty to the charge. At said point in time, the Court explained to the defendant every detail of his rights, including what he would be waiving by a plea of guilty and after being completely satisfied that the defendant fully understood his rights, what he was waiving and further, that his plea was voluntarily made, the Court accepted his motion to set aside his plea of not-guilty and accepted his plea of guilty upon which he was sentenced to the Penitentiary of Alabama for seventeen and one-half years.
"It should be observed that both of the trials mentioned herein, that is Case No. 4975, the nighttime burglary of Mrs. Shivers's home in 1971, and Case No. 4917, rape and burglary which was appealed to the Supreme Court of Alabama, were tried by the writer of this opinion. Though the records presently herein do not disclose it, the two drug cases for which grand jury indictments have been returned against the defendant rising out of the incident of the original arrest, were nolle prossed by this Court after conviction of the first case which resulted in fifty-six years imprisonment.
"Examination of the Petition here in question will reveal that many grounds, and allegations thereof, are in no way appropriate considered with the facts in this case. However, the Court will attempt to relate to all the matters raised.
"Ground 1 of the Petition complains that the defendant was arrested without a warrant and without probable cause. The defendant entered a plea of guilty, after several hours of trial, under a valid indictment returned by the grand jury. Therefore, whether there was ever a warrant or whether one was invalid does not come into issue under these facts where the defendant was tried on an indictment. Toney v. State,15 Ala. App. 14, 72 So. 508, Wilson v. State, 99 Ala. 194,13 So. 427, Crow v. State, 49 Ala. App. 155, 269 So.2d 171, Jackson v.State, 45 Ala. App. 621, 235 So.2d 382. In addition thereto, as related above in the facts, defendant was arrested in 1973 on two drug charges which culminated in additional charge of rape and first degree burglary upon which he was convicted and the cause was affirmed by the Supreme Court. At the time it was learned through investigation that defendant may have been connected with the case here under consideration, which occurred in 1971, the defendant was and had been for several months in custody of the Sheriff on the case for which *Page 98 
charges were preferred first but which occurred two years after the case here being considered.
"Ground 2 of the Petition alleges that petitioner was denied the right of counsel during police investigation. The only police investigation which occurred was in 1973 in connection with Case No. 4917 which was appealed and affirmed.
"Ground 3 of the Petition alleges that defendant was coerced into signing a confession against himself. So far as is known, no confession was ever signed or made by the defendant relative to the charge presently before this Court, being Case No. 4975. No such statement was introduced at the hearing in this cause, and the District Attorney testified that there was no statement made toward admission by this defendant in this cause. The defendant testified that he signed some kind of paper, he thought, but he was not sure what it was. There was evidence in Case No. 4917 on some motions connected therewith of some kind of a statement made by the defendant relative to that case. If there was such statement, it never found its way into evidence on trial. It is the opinion of this Court that no statement was made by the defendant at any time to any of the officers relative to the case here under consideration.
"Ground 4 of the Petition alleges, in substance, that there was never a positive identification made of him, but identification was a product of over suggestive procedures. It should not be forgotten that the defendant entered a plea of guilty to the charge here in question after full advice of all his rights and what he would be waiving. On the hearing in this cause, the transcript of the trial as far as it went in Case No. 4975, was transcribed by the Court Reporter and offered into evidence. It is true that the prosecutrix did not positively identify this defendant, however, under the facts here in question, the point is not well made and is not applicable. Testimony in the case had not concluded; the State had not rested at the time the defendant entered his plea of guilty.
"Ground 5 of the Petition alleges that he was coerced into signing statements of guilty by his attorney. It is hard to ascertain from the allegation what is meant by said Ground, and still harder to understand from the testimony of the defendant to what he relates. The defendant testified that he was not sure what he signed, but that he signed something. As has been related, evidence shows conclusively that no statement was made of guilt in this cause, and if so, it was never used in evidence. The defendant did relate that it was his understanding that he signed something for his attorney, Mr. Cain, which was taken down by Mr. Cain's secretary. Apparently, he thought whatever he signed, if he signed anything, must relate to some question of guilt. Mr. Cain, the attorney employed by defendant, was called as a witness by the State of Alabama. Because of a case he had pending in Dale County Court and further because of the fact that a brother of his was seriously ill in a Birmingham hospital at the time of the hearing, his testimony was taken out of order. Mr. Cain testified that he represented the defendant in this cause by employment. He further stated that he was employed by the defendant on appeal in the case for which he received fifty-six years imprisonment, being Case No. 4917. However, he was emphatic that he did not coerce the defendant into doing anything. After the case developed on trial up to the point where a fingerprint expert from the FBI in Washington, D.C. was about to take the stand, as related by Mr. Cain, he and the defendant had a conference at which time the defendant determined that it was best for him to enter a plea of guilty. Mr. Cain said that he joined in the recommendation, because he was of the opinion that the defendant would be in a better position to plead guilty. The petitioner, in his testimony, expressed an opinion that at the time of the trial in this case, he discussed with Mr. Cain about employment to appeal Case No. 4917 to Federal Court (apparently he meant by filing Writ of Habeas Corpus in the Federal Court). He inferred that Mr. Cain told him that he *Page 99 
might get bond if he got less than life. The Court understands the petitioner never to say that Mr. Cain assured him in any way that he would receive a bond on filing a Writ in Federal Court even if he got less then life. Mr. Cain, the attorney for this petitioner, has been before this Court many times. He is an able, outstanding defense lawyer who has handled hundreds of criminal cases on trial and on appeal. This Court finds no indication from all or any of the evidence that the attorney for this petitioner mislead him, did not adequately represent him or showed any lack of diligence in his behalf.
"Ground 7 of the Petition states there was no evidence to connect this petitioner with this crime. The comments of this Court with reference to Ground 4 are applicable to Ground 7 and will be referred to for that purpose.
"Ground 8 alleges `that he had a biased and prejudiced jury (all white) over his objection, to pass sentence upon petitioner in violation of petitioner's Sixth Amendment and Fourteenth Amendment to the United States Constitution.' Treating first that part of the allegation which deals with `over his objection,' this Court, who tried the case, knows of no objection made by the defendant with the composition of the jury in writing, orally, or any other way until this Petition was filed. There was no evidence submitted that any juror was biased or prejudiced in the cause. However, be that as it may, as has been pointed out hereinbefore, a jury did not convict this defendant, he entered a plea of guilty to the offense and was sentenced by the Court. As to the allegation that the jury was all white, even if he had been tried and convicted by the jury, such allegation is not sufficient to raise the point of systematic exclusion. Swain v. State of Alabama, 380 U.S. 202,85 S.Ct. 824, 13 L.Ed.2d 759. A defendant is not constitutionally entitled to have members of his race on jury panel which tries his case. Anthony v. State, 47 Ala. App. 722,261 So.2d 61; Thigpen v. State, 49 Ala. App. 233, 270 So.2d 666;Bryant v. State, 49 Ala. App. 359, 272 So.2d 286, cert. denied,412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149.
"On due and careful consideration of the evidence before this Court, on each of the Grounds of the Petition, separately and severally, it is the opinion of this Court that no ground of the Petition is well founded. It is further the opinion of this Court that petitioner was denied no right afforded him under the law during the procedure, that he entered a plea of guilty with full knowledge of all his rights, including what he was waiving by said plea, that the plea of guilty was voluntarily made along with and on the advice of capable, experienced and qualified counsel. It is therefore the opinion of this Court that his Petition, and each Ground thereof, should be denied.
"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the Petition for Writ of Error Coram Nobis by Clarence Tillis, in this cause, be and is denied.
"IT IS FURTHER ORDERED that a copy of this order be forwarded by the Clerk to the defendant at his address shown in file, and to his attorneys of record in this cause, to Attorney General, State of Alabama, to Department of Corrections, State of Alabama, and to the District Attorney.
"The defendant being indigent, any cost accrued in this cause is taxed against the State of Alabama.
"DONE AND ORDERED this the 29th day of November, 1976.
 /s/ Eris F. Paul
Circuit Judge"
The office of the "writ of error coram nobis," under Alabama law, is to bring to the attention of the Court for correction of an error of fact, one not appearing on the face of the record, unknown to the Court or party affected, and which, if known in time, would have prevented the judgment challenged, and serves as a motion for a new trial on the ground of newly discovered evidence. The writ is not intended to relieve a party from his own negligence, and cannot serve as a substitute for an appeal, nor to enable a defendant to *Page 100 
question the merits of the case for which he stands convicted.Smith v. Hixon, D.C., 149 F. Supp. 283; Mathis v. State,281 Ala. 424, 203 So.2d 442; Thomas v. State, 280 Ala. 109,190 So.2d 542; Butler v. State, 279 Ala. 311, 184 So.2d 823; Grocev. State, 48 Ala. App. 709, 267 So.2d 499.
This case is due to be and is affirmed.
AFFIRMED.
All the Judges concur.