McMILLAN, Judge.
The appellant was found guilty of driving under the influence of alcohol, in violation of § 32-5A-191(a)(l) and (2), Code of Alabama (1975), in the District Court of Baldwin County. He was ordered to pay a fine of $300.00 plus court costs and to attend D.U.I. school. The appellant thereafter appealed his conviction to Baldwin County Circuit court and he was granted a trial de novo. He was again found guilty and was sentenced to seven days in the Baldwin County Jail and fined $1,000 plus court costs.
Larkus M. Smith, a state trooper with the Department of Public Safety, was the sole witness for the State and he testified that he was on patrol on the night in question when he first observed the appellant’s automobile. As he followed the vehicle, Trooper Smith testified, he observed the car weave erratically across the center line of the highway and he therefore attempted to stop the vehicle by turning on the patrol *1369 car’s blue lights. The appellant’s vehicle continued travelling for approximately three-quarters of a mile to a mile before it stopped. Trooper Smith further testified that his partner got the appellant out of the car and escorted him back to the patrol car, a distance of approximately 20 to 30 feet. Trooper Smith stated that he observed the appellant’s walk and that the appellant appeared “unsure of his walk.” Trooper Smith further testified that there was a “strong odor of fermented beverage coming from [the appellant’s] person”; specifically from his breath. Trooper Smith testified that when he stopped the vehicle, the appellant was the driver and there was another passenger in the car. He observed a beverage in the car, “a cup which had the odor of fermented beverage coming off it.” Trooper Smith also testified that he took the appellant to the Daphne Police Department, where he administered a test to determine the alcohol content of the appellant’s blood. The results of the test by the Intoxilyzer 5000 showed a blood-alcohol content of 0.21 percent.
Gordon Sells, the passenger in the appellant’s vehicle, was the only witness for the defense. He testified that he had been with the appellant for approximately six to seven hours before they were stopped and that he had not seen the appellant consume any alcoholic beverages. He testified that they had been together shooting billiards in a tournament and that although he had seen a plastic cup in the appellant’s possession, he did not see any beer or hard liquor.
I.
The appellant claims that his sentence is disproportionate to the crime committed and thus violative of the Eighth Amendment. The record shows that the sentence imposed is within the statutory boundaries for this offense and this court will not overturn the trial court’s decision absent a showing of abuse of discretion. Harris v. State, 500 So.2d 1292 (Ala.Cr. App.1986); German v. State, 500 So.2d 478 (Ala.Cr.App.1986); Tice v. State, 491 So.2d 1065 (Ala.Cr.App.1986); Cade v. State, 491 So.2d 1075 (Ala.Cr.App.1986). Furthermore, Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), is inapplicable to sentences of less than life without parole. Atkins v. State, 497 So.2d 598 (Ala.Cr.App.1986); Maddox v. State, 502 So.2d 790 (Ala.Cr.App.1986); Ex parte Harbor, 465 So.2d 460 (Ala.1985).
II.
The appellant argues that the trial court committed reversible error by admitting into evidence a card issued to Larkus M. Smith by the State Department of Public Health to operate the Intoxilyzer 5000. At trial, the defense counsel objected to the admission of the card because “it’s a copy and not an original.” However, Trooper Smith testified that he was certified to operate this machine. The prerequisite for the admissibility of the test results is satisfied when an officer testifies that he was so certified and a copy of the certification is admitted into evidence. Such testimony satisfies the requirement that there be a showing that the person administering the test has a valid permit for such purposes issued by the State Department of Health. Bush v. City of Troy, 474 So.2d 164, 167 (Ala.Cr.App.1984). See also Bagony v. City of Birmingham, 365 So.2d 336 (Ala. Cr.App.1978).
III.
The appellant argues that he was deprived of a fair trial because of remarks made by Trooper Smith concerning the appellant’s admission of guilt. The record indicates that the following transpired at trial:
“[Prosecutor]: Now, once Mr. Kelley was in the righthand side of your patrol vehicle, did you advise Mr. Kelley as to why he had been stopped?
“[Trooper Smith]: Yes, I did.
“[Prosecutor]: What did you tell him specifically?
“[Trooper Smith]: I told him that he was driving erratically.
“[Prosecutor]: And did Mr. Kelley make any response to you?
“[Trooper Smith]: Yes, he did.
“[Prosecutor]: What was his response?
*1370 “[Trooper Smith]: That he was having some domestic problems and he had been out and had had a few drinks and he was driving down the road.
“[Defense counsel]: Object, it’s an admission of his guilt.
“THE COURT: I exclude that. You didn’t give him any Miranda rights did you?
“THE WITNESS: He just started babbling on.
“THE COURT: All right. Well, ladies and gentlemen, exclude that last comment from your consideration.”
“ ‘The law is well settled in Alabama that, to preserve appellate review of a motion, an adverse ruling from the trial court must be secured.’ Livingston v. State, 419 So.2d 270, 273 (Ala.Cr.App.1982).” Strough v. State, 501 So.2d 488 (Ala.Cr. App.1986).
“No further remedial relief was requested. Generally, for occurrences during a trial to be reviewable, some action of the trial court must be invoked. If counsel does not request further action of the court beyond that taken, ‘[i]t will be presumed the court dealt with the matter effectively and properly.’ Hendry v. State, 215 Ala. 635, 637, 112 So. 212 (1927). ‘The jurisdiction of the Court of Appeals is appellate only, and its review is limited to matters upon which action or ruling at nisi prius was invoked. Even those matters which resulted in “ineradicable harm” must at least be called to the attention of this court by a motion for a new trial.’ Harris v. State, 347 So.2d 1363, 1367 (Ala.Cr.App.), cert, denied, 347 So.2d 1368 (Ala.1977). ‘[I]t is axiomatic that the trial court may not be put in error in the absence of any attempt to invoke a ruling of the court in the matters complained of.’ Carter v. State, 30 Ala.App. 251, 253, 4 So.2d 195 (1941).
“ ‘The purpose of the rule requiring objection at the trial level before alleged errors will be considered on appeal ‘is to give the trial court an opportunity to correct any alleged error or defect called to its attention before submission of the case to the jury.’ Ex parte Knight, 453 So.2d 754 (Ala.1984). ‘[T]here is a prima facie presumption against error where the trial court immediately charges the jury to disregard improper remarks.’ Kelley v. State, 405 So.2d 728, 729 (Ala. Cr.App.), cert, denied, Ex parte Kelley, 405 So.2d 731 (Ala.1981).”
Brown v. State, 492 So.2d 661, 663 (Ala.Cr. App.1986). See also Proctor v. State, 391 So.2d 1092 (Ala.Cr.App.1980); Stennett v. State, 340 So.2d 65 (Ala.1976).
“Where a trial court acts promptly to impress upon the jury that improper questions are to be disregarded by them in their deliberations, the prejudicial effects of such remarks are removed. Minor v. State, 402 So.2d 1121 (Ala.Cr.App. 1981); Grey v. State, 369 So.2d 889 (Ala. Cr.App.1979); Brown v. State, 366 So.2d 334 (Ala.Cr.App.1978); Woods v. State, 344 So.2d 1225 (Ala.Cr.App.), cert, denied, 344 So.2d 1230 (Ala.1976). Even ‘inadvertent slips’ which are prejudicial to a defendant need not be cause for a mistrial where the judge acts promptly to impress upon the jury that improper statements are not to be considered by them. Richardson v. State, 374 So.2d 433 (Ala.Cr.App.1979).”
Woods v. State, 460 So.2d 291, 295 (Ala.Cr. App.1984).
Because the trial court acted immediately to exclude the objectionable remarks volunteered by Trooper Smith, the error was cured.
IV.
The appellant argues that the trial court committed reversible error by failing to grant his motion for acquittal. The record indicates that when the State rested its case, the defense counsel made a motion “to exclude the evidence” and to dismiss the case because the State allegedly failed to prove a prima facie case of driving under the influence of intoxicating beverages. However, this court must view the evidence in the light most favorable to the prosecution, Roberts v. State, 451 So.2d 422 (Ala. Cr.App.1984), and where there is legal evidence from which the jury could by fair inference find the accused guilty, this court *1371 will not disturb the trial court’s decision. Johnson v. State, 378 So.2d 1164 (Ala.Cr. App.), writ quashed, 378 So.2d 1173 (Ala. 1979).
The testimony of Trooper Smith indicated that, on the night in question, the appellant was driving his vehicle in an erratic manner, his walk was unsteady, and he smelled strongly of alcohol. Trooper Smith further testified that he was certified to operate the Intoxilyzer 5000 and had been using it for approximately a year; a copy of his certification card was admitted into evidence. He further testified that the Intoxi-lyzer 5000 was approved by the State of Alabama Board of Health and by the Department of Public Safety for use in determining the degree of alcohol in a person’s blood. He testified that when he used the machine on the appellant, he followed the operating procedure approved by the Department of Public Safety and the Department of Health for use of this breath testing machine. He stated that the machine is periodically checked for accuracy and that when he administered the test, it had been so checked. He then testified that the results of the test administered to the appellant showed 0.21 percent. Based on Trooper Smith’s testimony, the trial court properly denied the defense counsel’s motion for acquittal.
V.
The appellant argues that the trial court committed reversible error by failing to adequately respond and rule on his objections. However, it is incumbent upon the defense counsel to make a motion to exclude, or a motion for mistrial, or to request instructions from the trial court so that an adverse ruling may be obtained in order to preserve the matter for review. Ragsdale v. State, 448 So.2d 442 (Ala.Cr. App.1984). In raising this issue, the appellant refers to five instances in which he made objections to which the trial court failed to respond. He makes no showing of abuse of discretion.
AFFIRMED.
All the Judges concur, with BOWEN, P.J., concurring in the result only.