BOWEN, Presiding Judge.
The appellant, Tracy Gerrard Allen, was convicted of assault in the first degree and was sentenced to life imprisonment as a habitual felony offender. He raises two issues on this direct appeal from that conviction.
I.
The appellant contends that he was entitled to a mistrial because his jury was *308 selected from a panel that excluded the black population of St. Clair County. The undisputed facts are: Blacks constitute approximately seven to ten per cent of the population of St. Clair County; the 120-member venire was selected on the basis of drivers’ licenses; there were four blacks on the veni-re; two blacks were excused from jury service by the circuit clerk; one black did not appear for jury service; the remaining black veniremember was challenged for cause by the appellant and the challenge was granted by the trial judge. The trial judge made a specific finding that there was no evidence of racial discrimination. The appellant candidly admits that “the record does not establish that such underrepresentation routinely takes place nor does it establish that the underrepresentation on the venire from which defendant’s jury was chosen was a consequence of systematic exclusion of African-Americans.” Appellant’s brief at 11-12. By that admission, the appellant concedes that he has failed to satisfy one of the three requirements for establishing a prima facie violation of the constitutional right to a jury venire constituting a fair cross-section of the community. See Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); Brundage v. State, 585 So.2d 238, 239 (Ala.Cr.App.1991).
However, the appellant argues that this Court should adopt the approach of Batson v. Kentucky, 476 U.S. 79, 106.S.Ct. 1712, 90 L.Ed.2d 69 (1986), involving violations of the Equal Protection Clause of the Fourteenth Amendment, and hold that a prima facie case of a violation of the Sixth Amendment fair cross-section requirement is established by showing the existence of a significant disparity between the population of a distinctive group in the community and its representation on the jury venire. This Court has long recognized that “[a] defendant is not constitutionally entitled to have a member of his race on the jury panel which tries his case.” Anthony v. State, 47 Ala.App. 722, 725, 261 So.2d 61, 64 (1972). The law is clear that a defendant in a criminal case is not constitutionally entitled “to demand a proportionate number of his [own] race on the jury which tries him,” or on-the jury roll from which grand and petit jurors are selected. Butler v. State, 285 Ala. 387, 391, 232 So.2d 631, 634 (1970), cert. dismissed, 406 U.S. 939, 92 S.Ct. 1807, 32 L.Ed.2d 140 (1972). “In order to establish a Sixth Amendment fair cross-section requirement violation, the accused has the burden of proving a systematic exclusion of blacks resulting in their under-representation on the jury roles. See Duren v. Missouri 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); Robinson v. State, 560 So.2d 1130, 1132 (Ala.Cr.App.1989).” Stewart v. State, 623 So.2d 413, 415 (Ala.Cr.App.1993).
II.
The appellant claims that he was not allowed to present evidence of his insanity. The appellant filed a plea of not guilty by reason of mental disease or defect. After the jury had been sworn, it was excused for lunch. During the jury’s absence from the courtroom, the appellant attacked his attorney, striking him in the face. A razor blade was discovered at counsel’s table. The trial court properly refused to allow the appellant to present testimony concerning this incident during the trial of this case.
The principle that the acts, declarations, and conduct of a defendant subsequent to the crime are admissible on the issue of insanity relates to events occurring after the crime but before trial. See Berard v. State, 486 So .2d 476, 478 (Ala.1985). There has been no showing that the trial court abused its discretion in the rejection of the proffered testimony. Terry v. State, 447 So.2d 1322, 1324 (Ala.Cr.App.1984).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.