# Pearce v. The State.

### Murder.

(Decided June 8, 1916.    72 South. 213.)

1. **Homicide; Burden of Proof.**—One element of the burden of proof resting upon the state in a homicide case is proof of the corpus delicti—decedent's death, and the criminal agency producing it.

2. **Same; Evidence.**—Testimony of a witness in answer to a question whether he knew what caused decedent's death, that he did know, and that it was a shot, was properly admitted.

3. **Same.**—The testimony of a physician qualified as an expert tending to show that the gun shot wound which he found on decedent and treated, was the cause of decedent's death, was properly admitted.

4. **Evidence; Confession.**—When shown to have been voluntarily made defendant's inculpatory statements made with reference to the shooting of deceased were admissible.

5. **Homicide; Evidence; Threats.**—Although deceased was not specifically referred to in a remark of defendant's made to or in the presence of a witness, referring to a mark on defendant's face, that no man could do that and get off with it, was properly admitted as a threat.

6. **Same; Evidence.**—Evidence tending to show that defendant was armed, not only with a pistol, but with a dirk or bowie knife, was admissible as tending to shed light on his conduct on the occasion of the shooting, and the intent prompting such conduct.

7. **Same; Character of Wound; Jury Question.**—Questions as to the character of the wounds and whether death followed as an ordinary and natural result from defendant's conduct, were jury questions under the evidence in this case.

APPEAL from Coffee Circuit Court.

Heard before Hon. A. B. FOSTER.

[Pearce v. The State.]

Ewell Pearce was convicted of manslaughter and he appeals. Affirmed.

No counsel marked for appellant. W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—The only matters presented for review by the record in this case arise from the admission of evidence offered by the state and the refusal of the affirmative charge requested by the defendant.

(1, 2) The first question presented arises on the admission of the testimony of R. A. Wallace, and is presented in the bill of exceptions as follows: "Solicitor asked witness, 'Do you know what caused his death?' 'Well, I reckon I do.' The defendant objected, and state propounded the following question, 'Do you, or not?' to which witness replied: 'Well, yes. A shot. The shot caused his death, I know that.' Defendant objected to the question again, and moved to exclude the statement of the witness, 'The shot caused his death.' The court overruled defendant's objection and motion, and defendant reserved an exception to the court's ruling."

One element of the burden of proof resting upon the state was to prove the corpus delicti—in this case the death of Claud Wallace and the criminal agency producing it—and any evidence referring to either of those facts and tending to establish or disprove them is relevant.—Underhill, Crim. Evidence, § 312; Elliott, Evidence, § 2708; *Terry v. State,* 118 Ala. 79, 23 South. 776. This evidence was not patently irrelevant, and the general objection lodged against it was unavailing and properly overruled.—*Moore v. State,* 154 Ala. 48, 45 South. 656.

(3) The testimony of Dr. Mixon, who qualified as an expert, to which objections were made, was relevant as tending to show that the gunshot wound which he found on the deceased and treated was the cause of death, and the defendant's several objections were properly overruled on the principles above stated. —Underhill Crim. Evidence, § 312; *Simon v. State,* 108 Ala. 27, 18 South. 731; *Smith v. State,* 165 Ala. 57, 51 South. 610.

(4) The record does not affirmatively show that the proper predicate was not laid for the introduction of the several inculpatory statements made by the defendant with reference to the

shooting of the deceased, in fact, they were shown to be voluntarily made, and the defendant's several objections were not well taken.—*Fortner v. State,* 12 Ala. App. 180, 67 South. 720; *Whatley v. State,* 144 Ala. 75, 39 South. 1014; *Price v. State,* 117 Ala. 113, 23 South. 691.

(5) The remark of the defendant to or in the presence of the witness Sharpless, referring to the mark on defendant's face, "that no man could do that and get off with it," was properly admitted over the defendant's objection. This was in the nature of a threat, and the fact that deceased was not specifically referred to did not deprive it of its evidentiary value.—*Williams v. State,* 147 Ala. 10, 41 South. 992; Underhill, Crim. Evidence, § 328.

(6) The evidence tending to show that the defendant was armed, not only with a pistol, but with a "dirk" or "bowie knife," was competent as tending to give character to his conduct on the occasion of the shooting and the intent prompting his conduct.—*Henson v. State,* 114 Ala. 28, 22 South. 128; *Langham v. State,* 12 Ala. App. 46, 68 South. 504.

(7) The question as to the character of the wound and as to whether the death of the deceased followed as an ordinary and natural result from the conduct of the defendant were for the jury, under all the evidence and the affirmative charge was properly refused.—*Winter v. State,* 123 Ala. 11, 26 South. 949; *McDaniel v. State,* 76 Ala. 1; *Daughdrill v. State,* 113 Ala. 7, 21 South. 378.

We find no error in the record, and the judgment is affirmed.
Affirmed.