(115 So. 704)

## INMAN v. STATE. (8 Div. 681.)

Court of Appeals of Alabama. March 6, 1928.

E. D. Johnston, of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The decision of this case in this court must rest upon the provisions of section 6088 of the Code 1923, which provides, in effect, that whenever a motion for new trial shall be refused in a criminal case, if the matter is properly presented, the appellate court may grant a new trial, or correct any error of the circuit court. The statute also contains the stipulation:

"And no presumption in favor of the correctness of the judgment of the court appealed from, shall be indulged by the appellate court."

We regard the action of the court in denying the motion for a new trial, to which ruling the defendant duly and legally excepted, as being the only question worthy of discussion or decision, as it clearly appears there was no error in any of the rulings of the court otherwise complained of.

Our opinion and decision is that the motion for new trial by defendant should have been granted, and that the substantial ends of justice require this order at our hands. We, of course, shall pretermit a discussion of the evidence adduced upon the trial of this case, for obvious reasons. But we are clearly of the opinion that the newly discovered evidence, under the undisputed facts of this case, was highly important, and if this evidence had been before the jury, its effect might have caused the jury to render a different and more favorable verdict for defendant. The newly discovered evidence was without dispute. It was not cumulative in the sense the law implies to that term. It was further fully established that the failure to earlier discover this evidence was not due to want of diligence upon the part of the defendant, or her counsel, or the friends who had interested themselves in her behalf. Under these conditions, this appellant was entitled to the benefit of this material evidence.

For the error in overruling defendant's motion for a new trial, the judgment of conviction, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.