(117 So. 8)

## SHELTON v. STATE. (1 Div. 479.)

Supreme Court of Alabama. May 10, 1928.

**I. Criminal law ⬅535(1)—In murder prosecution, "corpus delicti" must be shown independently of confession of accused.**

In murder prosecution, "corpus delicti" must be shown independently of the confession of the accused; that is, state must show not only fact of victim's death, but also that death was caused by criminal agency of another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corpus Delicti.]

**2. Homicide ⬅228(1)—Showing death was not from accident or natural causes, or suicide, is sufficient showing death was caused by criminal agency.**

Requirement that, in murder prosecution, state must show not only fact of victim's death, but also that death was caused by criminal agency of another, is satisfied, when it appears that death was not result of accident or natural causes, or of suicide.

**3. Criminal law ⬅530—Confession of defendant reduced to writing by another, voluntarily approved and signed by defendant as correct, held properly admitted.**

In prosecution of husband for murder of wife, where corpus delicti was established beyond possibility of doubt, defendant's confession that he killed wife with oak stave was properly received, notwithstanding it was reduced to writing by another person, which embodied substance of defendant's statement, and which was voluntarily approved and signed by defendant as correct.

**4. Homicide ⬅167(1) — Particular time or place and circumstances of making of threats by defendant against deceased need not be shown.**

In murder prosecution, it was not necessary in proving threats made by defendant against deceased to predicate particular time of their making nor place and circumstances, though such matters may be properly shown as affecting weight to be given threats.

**5. Criminal law ⬅695(5)—General objection to evidence of threats by defendant against deceased is insufficient to raise question of failure to show particular time or place and circumstances.**

A general objection to admission of testimony of threats by defendant against deceased is not sufficient to raise question of failure to predicate particular time or place and circumstances of making threats.

**6. Homicide ⬅167(5)—Evidence that defendant made threats against deceased in February before killing in July and had been making them for last two or three years held properly admitted.**

In murder prosecution, testimony of state witness that defendant made threats against deceased in February before the killing in July, and that defendant had been making them for the last two or three years, was properly admitted.

**7. Homicide ⬅169(1)—Testimony in murder prosecution that defendant told his brother about his son's stealing money from him held properly excluded as irrelevant.**

In murder prosecution, testimony that defendant told his brother about his son's stealing money from him was not relevant and was properly excluded.

**8. Criminal law ⬅452(2)—Homicide ⬅179—Question to defendant's brother whether another brother in murder prosecution was insane held properly excluded; witness not being shown qualified nor type of insanity shown.**

In murder prosecution, question to defendant's brother in support of plea of insanity as to whether another brother of defendant was insane was properly excluded, where witness was not shown to be qualified and no facts were offered or suggested to show insanity of a type that would give it probative value.

**9. Homicide ⬅179—Question as to what killed brother of defendant in murder prosecution, being without apparent relevancy, held properly excluded.**

In murder prosecution, general question to defendant's brother in support of plea of insanity as to what killed another brother of defendant, being without apparent relevancy, was properly excluded.

**10. Homicide ⬅165—In prosecution of husband for killing wife, testimony that defendant complained to sister about wife's treatment was properly excluded.**

In prosecution of husband for killing wife, testimony that defendant complained to his sister about the treatment his wife was giving him was inadmissible; and, if admitted, could not have been of advantage to defense.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Robert Shelton was convicted of murder in the first degree, and he appeals. Affirmed.

Graham A. Sullivan and J. Gordon Bennett, both of Mobile, for appellant.

In order to prove the corpus delicti, it was necessary to prove, not only the death of deceased, but that she met death at the hands of some individual. The mere finding of a dead body is not sufficient proof of the corpus delicti to render a confession admissible. Jones v. State, 18 Ala. App. 609, 93 So. 230; Carr v. State, 16 Ala. App. 176, 76 So. 413. The condition of the mind of defendant at and prior to the death of his wife was material under his plea of not guilty by reason of insanity. Before threats can be properly offered in evidence, the witness must be asked as to the time, place, and circumstances. Whether defendant told his brother that his son had stolen money from him was relevant to show why the son had left home; the son

having testified that he could not get along with his father.

'Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SOMERVILLE, J. The defendant was indicted for the murder of his wife, Jane Shelton. He pleaded not guilty, and not guilty by reason of insanity, and was found guilty of murder in the first degree, and sentenced to death by electrocution.

The woman was found dead in her bed at home, with her head badly beaten up—bruised, lacerated, and bloody—apparently by severe blows from a heavy instrument, and a bloody oak stave was found in the yard. Furthermore, it was shown by competent medical testimony that those wounds were sufficient to cause death.

[1, 2] The corpus delicti must of course be shown independently of the confession of the accused; that is, the state must show not only the fact of a victim's death, but also that death was caused by the criminal agency of another. 30 C. J. 284, § 529; Pearce v. State, 14 Ala. App. 120, 72 So. 213; Ducett v. State, 186 Ala. 34, 36, 65 So. 351. This requirement is satisfied when it appears that death was not the result of accident or natural causes, or of suicide. 30 C. J. 287, § 531; Parsons v. State, 179 Ala. 23, 60 So. 864; Saulsberry v. State, 178 Ala. 16, 21, 59 So. 476; Stubbs v. State (Miss.) 114 So. 827.

[3] The corpus delicti was here established beyond the possibility of a doubt by the physical condition of the victim's body, and the defendant's confession that he killed her with the oak stave was properly received. The fact that it was reduced to writing by another person was no objection to its admissibility; it appearing that it embodied the substance of the defendant's statements, and was voluntarily approved and signed by him as correct.

[4-6] In proving threats made by the defendant against the deceased it was not necessary to predicate the particular time of their making, nor the place and circumstances, though, of course, such matters may be properly shown as affecting the weight to be given to the threats. Pate v. State, 94 Ala. 14, 10 So. 665; Griffin v. State, 90 Ala. 596, 8 So. 670. Moreover, there was no objection to the evidence for want of such specifications; the general objection not being sufficient. The trial court did not err in allowing the state's witness to testify that the defendant made such threats in February before the killing in July, and that he had been making them "for the last two or three years."

[7] That the defendant told his brother about his son's stealing money from him was not relevant to any issue in the case, and was properly excluded on the state's objection.

[8, 9] As tending to support his plea of insanity, defendant's counsel asked his witness —defendant's brother—"Was Hilliard Shelton [another brother] insane?" Conceding the general relevancy of such evidence, this question was properly excluded because the witness was not shown to be qualified by knowledge, and no facts were offered or suggested to show insanity of a type that would give it probative value in this case. James v. State, 193 Ala. 55, 65, 69 So. 569, Ann. Cas. 1918B, 119. So, also, the general question, as to this brother, "What killed him?" was without apparent relevancy, and was properly excluded.

[10] The mere fact that the defendant complained to his sister "about the treatment his wife was giving him" was not admissible under either of the issues in the case; and, if admitted, it could not have been of advantage to the defense.

We find no error in the record, and the judgment must be affirmed.

The time fixed by the trial court for the execution of the law's sentence upon the defendant having lapsed, we now fix Friday, June 15, 1928, as the date for such execution. Affirmed.

All the Justices concur, except GARDNER, J., not sitting.