(127 So. 262)

## INMAN v. STATE.

8 Div. 859.

Court of Appeals of Alabama.
March 25, 1930.

J. N. Powell, of Falkville, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This is the second appeal in this case. Inman v. State, 22 Ala. App. 344, 115 So. 704.

This appellant was originally indicted by the grand jury of Morgan county at the August term, 1926, of the circuit court, for the offense of murder in the first degree. The first trial resulted in her conviction of manslaughter in the first degree and punishment of ten years' imprisonment in the penitentiary.

On the second trial in the court below upon arraignment she interposed a plea of autre fois acquit as to murder in the first and second degree. This plea was properly allowed, and was confessed by the state, whereupon she was placed upon trial for manslaughter, and was again convicted, the jury fixed her punishment at two years, and the court duly sentenced her to imprisonment in the penitentiary for two years. From the judgment of conviction pronounced and entered this appeal was taken.

Numerous exceptions were reserved to the court's rulings pending the trial. However,

the principal insistence of error is predicated upon the alleged failure of the state to meet the burden resting upon the prosecution to establish by legal evidence the corpus delicti.

■■ This is a homicide case, and in such cases the necessary constituents of the corpus delicti, the death of a human being—in this case the death of Will Jackson, the deceased named in the indictment—and the criminal agency producing such death, must be shown. The death of a person alleged to have been killed may be established by direct testimony, or by circumstantial evidence, but in either instance such testimony or evidence must be legal, and mere hearsay evidence will not suffice.

■■ In the instant case there is no direct testimony that Will Jackson, the deceased named in the indictment, is dead; nor are there any circumstances in evidence from which this material and essential fact could legally be inferred. The testimony of state witness Dr. Cashin, who alone undertook to testify as to the death of Will Jackson, was admittedly hearsay, and, as a result, his testimony could not be binding upon the accused. The extent of the legal evidence given by this witness was to the effect that as a physician he was called upon to see and treat the alleged injured party, and found him to be dangerously wounded by a bullet wound in the neck, that he treated the injured man some four or five days in the city of Decatur, Alabama, and then sent him for further treatment to Birmingham, Ala., and this witness never saw him again. So far as the evidence adduced upon the trial of this case is concerned, the said Will Jackson may still be alive, or may have been alive at the time of the trial of this case in the court below; there being no legal evidence to the contrary, counsel for appellant in the court below raised this question in every conceivable manner, and reserved exceptions to the adverse rulings of the court in this connection. These rulings were error. A conviction for crime cannot be had in the absence of proof of the corpus delicti, and this cannot be rested upon evidence which, as here, was purely hearsay.

■ While not specially material, the conversation between the injured party and state witness Clay Reeves some several minutes after the alleged shooting was not admissible. It was no part of the res gestæ, nor was it in the nature of a dying declaration. Madry v. State, 201 Ala. 512, 78 So. 866.

The erroneous rulings of the court hereinabove discussed are conclusive of this appeal, and render unnecessary a consideration of several other insistences of error presented.

Reversed and remanded.