106 So.2d 268

**Mattie Pearl GADDIS, alias,**

v.

**STATE.**

5 Div. 520.

Court of Appeals of Alabama.

Oct. 7, 1958.

Rehearing Denied Oct. 28, 1958.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

Wilbanks & Wilbanks, Alexander City, for appellant.

HARWOOD, Presiding Judge.

Under an indictment charging murder in the first degree this appellant was found guilty of manslaughter in the first degree, her punishment being fixed at imprisonment in the penitentiary for a term of five years.

The evidence presented by the State tended to show that on the afternoon of 8 September 1956, the appellant and deceased were at the home of Mansfield Newman, and went later to the home of the deceased.

About 6:15 P. M. the appellant returned to the Newman home and reported that the deceased was drunk and trying to kill himself.

Newman accompanied the appellant back to the home of the deceased. There he found the deceased lying on the porch of his house. He had a gash in the lower side of his chest, and his intestines were protruding from the wound.

Newman attempted as well as he could to replace the intestines. An ambulance was summoned, and the deceased was taken to the Russell Hospital in Alexander City. There he was attended by Dr. Hudnell, and was operated upon by Dr. Askin.

On 10 September 1956 the deceased died of a pulmonary embolism, which in the opinion of Dr. Askin resulted from the wound in his side.

Appellant was arrested in connection with the death of Kelly.

At first she stated she had inflicted the wound on Kelly with a butcher knife. In a later statement, reduced to writing and signed by her, she stated she had cut the deceased with an axe which she got off a wood pile in the back yard. She further stated that deceased had wanted her to go out with him. She refused and told the deceased he was drunk. At this the deceased became enraged and knocked her unconscious with a chair. When she regained consciousness the deceased again threatened to hit her with a chair. It was then she got the axe, reentered the house, and when deceased came on her again with a chair she cut him with the axe.

Appellant testified substantially to the same effect in the trial below.

■ Counsel for appellant argue that the cause of death was not established, and that Dr. Askin's testimony in this regard was hearsay.

The record shows that Dr. Askin, as a witness for the State, testified that he had operated upon the deceased, who died sud-denly the following day from a pulmonary embolism; that he did not see the deceased after death, but that he and Dr. Hudnell, who had also attended deceased, agreed that the cause of death was a pulmonary embolism.

We do not see that Dr. Askin's testimony can be interpreted other than that he and Dr. Hudnell concurred as to the cause of the death of the deceased—not that he was basing his opinion upon what Dr. Hudnell had told him. Particularly is this true in the light of Dr. Askin's testimony that in his opinion the death of the deceased had resulted from a pulmonary embolism proximately caused by the chest wound.

Furthermore, no objections were interposed to any of Dr. Askin's testimony in this aspect. There is therefore nothing before us for review.

■ Counsel for appellant argues that the confessory and inculpatory statements of appellant were improperly admitted in that there was no prior proof of the corpus delicti. This contention is without merit.

In Spain v. State, 37 Ala.App. 311, 68 So.2d 53, 55, we stated:

"In a murder prosecution, proof of the corpus ·delicti includes proof of the victim's death and proof that death was caused by some person's criminal agency. Moss v. State, 32 Ala.App. 250, 25 So.2d 700, certiorari denied 247 Ala. 595, 25 So.2d 703; Shelton v. State, 217 Ala. 465, 117 So. 8; Ducett v. State, 186 Ala. 34, 65 So. 351; Pearce v. State, 14 Ala.App. 120, 72 So. 213. It is not required that the corpus delicti be proved by direct evidence; it may be proved by circumstantial evidence as well. Phillips v. State, 248 Ala. 510, 28 So.2d 542; Rowe v. State, 243 Ala. 618, 11 So.2d 749; McDowell v. State, 238 Ala. 101, 189 So. 183; Inman v. State, 23 Ala.App. 484, 127 So. 262. The requirement that, in a murder prosecution, the State must show not only the fact of the victim's death,

but also that death was caused by the criminal agency of another, is satisfied when it appears that death was not the result of accident or natural causes, or of suicide. Shelton v. State, supra."

The evidence presented by the State tended to show that the deceased suffered a wound some 2½ inches in length in his lower chest area, resulting from a sharp instrument. The cut severed two cartilaginous ribs. A sharp, bloody axe was found at the scene. This evidence was ample in its tendencies to satisfy the burden cast upon the State to establish the corpus delicti.

█ Circumstances tending prima facie to establish the corpus delicti may be aided by admissions or confessions of an accused, duly admitted, so as to satisfy a jury beyond a reasonable doubt of accused's guilt. Bryant v. State, 33 Ala.App. 346, 33 So.2d 402; Singleton v. State, 33 Ala. App. 536, 35 So.2d 375.

It appears that this appellant made several statements confessory in nature. Before each of these statements were admitted the required predicate of voluntariness was laid. We see no need to write to these admissions.

Certainly there is no merit in the contention that because in reference to one statement its voluntariness was destroyed because the officer to whom it was made told the appellant, among other things, that the statement could be used for or against her.

█ Likewise, the three statements of the deceased admitted as dying declarations were properly admitted. It was clearly established in each instance that the deceased was in extremis, that he expressly stated that "he would not get well," or that "he was dying." Without dispute the deceased did die.

█ No error resulted in the introduction of the photographs of deceased depicting the wound on his body, the marks

resulting from the surgical operation having been clearly pointed out. McKee v. State, 253 Ala. 235, 44 So.2d 781.

Other points are argued in appellant's brief. They are palpably without merit, and no purpose would be served in writing to them. The learned trial judge was most careful in his rulings to see that every right of the appellant was scrupulously protected. The record is, in our opinion, as clean as a hound's tooth, and as free of error as any we have ever read.

Affirmed.