114 So.2d 572

**Garfield HUTCHERSON, alias**

v.

**STATE.**

**5 Div. 559.**

Court of Appeals of Alabama.

Aug. 18, 1959.

Rehearing Denied Sept. 8, 1959.

**1.** 269 Ala. 573.

Radney & Lonergan, Alexander City, for appellant.

MacDonald Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was indicted jointly with Mattie Pearl Gaddis for the murder of Dartis Kelly.

On motion of Mattie Pearl Gaddis a severance was granted.

Mattie Pearl has been convicted, and the judgment in her case affirmed. Gaddis v. State, 39 Ala.App. 630, 106 So.2d 268.

This appellant likewise has heretofore been found guilty of manslaughter in the first degree. However the judgment was reversed because of a ruling on a matter of evidence relative to the cross examination of a witness concerning the sanity of the victim at the time of making a purported dying declaration. Hutcherson v. State, ante, p. ——, 108 So.2d 177.

The evidence presented in the present case is in many respects similar to the evidence presented in the Gaddis case, and we see no need of detailing it.

■ The guilt of the appellant in the present case hinges upon evidence of dying declarations made by the victim. If these declarations be accepted as proof to the required degree, then the State's case is firmly established. This was a matter for the jury, and their verdict shows such an acceptance.

■ The victim was found with a severe wound in his abdomen, the wound being so extensive that the victim's intestines were protruding therefrom. A bloody ax was found at the scene. This amply established the corpus delicti. Gaddis v. State, supra, and cases therein cited.

Three witnesses testified as to dying declarations made by the victim Dartis Kelly. In each instance the proper predicate was fully laid for the reception of such evidence.

Lavada Kelly testified that Dartis told her, about 4:30 P.M. on the afternoon before he died early the next morning, that: "Garfield had hit him with a double bladed ax."

Dessie Mae Harrell testified that Dartis had told her the day before he died that "Mattie Pearl cut me and Garfield hit me with the ax."

Otha Kelly, who was with the victim when he died, testified that "just before he commenced passing" he asked her to pray for him, as he was going to die. At this time the victim told her: "They have cut me to death," and when she asked him who, he replied: "Mattie Pearl and Garfield was there—and his breathing was getting so short during his talk, he couldn't finish."

■ Clearly the above evidence was ample in its tendency to establish the appellant's criminal agency in the killing of Dartis Kelly.

■ Counsel for appellant argues that the Solicitor made an unauthorized reference to appellant's former conviction in his opening statement to the jury. In this connection the record shows the following:

"Mr. Young: May it please the Court, and Gentlemen of the Jury, this is a trial of Manslaughter in the First Degree. There has been a previous trial in this case wherein the charge was reduced by the Verdict to First Degree Manslaughter. In consequence, it is necessary for this trial at this time to be tried upon the basis of First Degree Manslaughter rather than the original charge of murder."

No objection was interposed to this statement.

The record further shows that in his opening statement defense counsel stated:

"We too, would like to call your attention to the indictment, where the Defendant was originally indicted for First Degree Murder. Today the Defendant is not on trial before you for First or Second Degree Murder, but will be tried for First Degree Manslaughter. We think that is important evidence before we start the trial."

The statement made by the Solicitor was not a reference to any former conviction, but merely a necessary statement of the procedural aspect of the case in order that the jury might know the issues before them.

Further, in the absence of an objection, there is nothing before us for review. Such matters can not be raised for the first time by a motion for a new trial. Nichols v. State, 267 Ala. 217, 100 So.2d 750; Walker v. State, 19 Ala.App. 20, 95 So. 205; Anderson v. State, 209 Ala. 36, 95 So. 171.

In the present case the testimony of Dr. Askin, given in the Gaddis case, supra, was by agreement received in evidence and read to the jury.

Counsel for appellant now argues that appellant was entitled to the affirmative charge because there was no evidence showing a causal connection between the death of Dartis Kelly and appellant's act. This same point was written to by us in the Gaddis case, supra, and is decisive of the point in the present case. The point is without merit.

The appellant's defense was directed toward establishing an alibi. While such evidence contradicted the evidence presented by the State, such conflict was solely within the province of the jury to resolve.

Counsel has argued several other rulings as constituting error. We have carefully examined all such instances, in light of appellant's brief. In our opinion all such rulings are patently without error, and no useful purpose would be served in reiterating the oft stated principles applicable.

We are clear to the conclusion that this record is free of error probably injurious to any substantial right of this appellant. The judgment is due to be affirmed.

Affirmed.