BOOKOUT, Judge.
Carnal knowledge, or abuse in the attempt to carnally know a girl under the age of twelve years; sentence: ten years imprisonment.
Appellant confessed to abusing a five-year-old girl’s genitalia. As a result, the girl was injured and had to be examined by a physician.
I
Appellant contends that there was insufficient proof of the corpus delicti to allow introduction of his confession into evidence.
Proof of the corpus delicti requires that the State present evidence which connotes the commission of the offense by the criminal agency of someone. Proof of the corpus delicti does not necessarily include evidence connecting the defendant with the crime. Tanner v. State, 57 Ala.App. 254, 327 So.2d 749 (1976). Proof of the corpus delicti may be by circumstantial as well as direct evidence. Gaddis v. State, 39 Ala.App. 630, 106 So.2d 268 (1958).
The earliest case on the instant subject in this jurisdiction is Matthews v. State, 55 Ala. 187 (1876). There the Supreme Court recognized the instant issue as being one of first impression in Alabama. The Court examined opinions of other states and the English common law before reaching its decision. The Court held that extrajudicial confessions of a defendant, not corroborated by independent proof of the corpus delicti, will not justify a conviction of a *1071 felony. There, the appellant was charged with rape, and as here, the victim did not testify. The trial court admitted conversations the appellant had had with other parties after the alleged crime wherein he was accused of the rape, but made statements which were not absolute denials.[1]
No evidence of a rape had been admitted prior to the above testimony, which was objected to at the time of its admission and was the basis for the defendant’s motion to exclude the evidence at the end of the State’s case. The Supreme Court reversed and adopted the rule that a confession without independent corroborating evidence will not support a conviction stating, “it is better that a guilty man should escape than that a precedent should be introduced which may press hardly hereafter on the innocent.”
The real issue in the instant case is whether there was independent corroborating circumstances to support the confession of the appellant. If there are some such circumstances, though not sufficient standing alone, they may nevertheless be sufficient to corroborate the confession and establish the corpus delicti.
The general rule is still that an uncorroborated extrajudicial confession of a defendant is inadmissible as prima facie proof of the corpus delicti. Shelton v. State, 217 Ala. 465, 117 So. 8 (1928). However, the Alabama Supreme Court, in Bridges v. State, 284 Ala. 412, 225 So.2d 821 (1969), stated:
“ . . . ‘inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti. . ’ ” (Citations omitted.)
See also: Coleman v. State, 57 Ala.App. 392, 328 So.2d 642 (1976); Gaddis, supra.
Proof presented at trial showed that the victim was a five-year-old girl who suffered an injury to her vagina. The injury, in the opinion of the examining physician, did not appear to be a knife cut or wound from a sharp instrument. The physician testified that the wound was a tear which began at the hymenal ring just inside the vagina and extended onto the skin surface toward the rectum. The physician further testified that a smear taken for spermatoza tested negative. The appellant was with the girl the day she was injured.
It has been held that the corpus delicti is a fact, “proof of which may be established by circumstantial evidence, and, if there is a reasonable inference to prove its existence, the court should submit to the jury for consideration the question of the sufficiency and weight of the evidence tending to support that inference.” Hines v. State, 260 Ala. 668, 72 So.2d 296 (1954). Here, we are faced with the circumstance that the child was discovered to have had a tear in the area of the hymenal ring after having been in the company of the appellant. Coupled with the appellant’s admission that he abused the child with his finger, which was consistent with the physician’s explanation of the nature of the injury, such circumstances are sufficient to support the jury finding of the existence of the corpus de-licti.
II
Appellant contends that the evidence did not authorize finding the defendant guilty of carnal knowledge. Appellant argues that at most the evidence was only sufficient to support a conviction for assault and battery.
*1072 It is true that “carnal knowledge” as used in the statute, means sexual intercourse, that is, the actual penetration by the male sexual organ in to the sexual organ of the female. Reynolds v. State, 274 Ala. 171, 146 So.2d 85 (1962). The statute, however, is directed not only against the offense itself, when complete, but against attempts to commit it. James v. State, 246 Ala. 617, 21 So.2d 847 (1945). The crime may be committed without any contact of the genital organs. Lee v. State, 31 Ala.App. 91, 13 So .2d 583 (1943). Here, the prosecution proved that the appellant abused the girl’s genitalia. Once abuse is proved, the intent with which he did the act is to be determined from the circumstances surrounding the act and presents a question for the jury. Huggins v. State, 41 Ala.App. 548, 142 So.2d 915 (1962).
As the evidence at trial did prove physical abuse of the girl’s genitalia, the jury could properly find that appellant intended to carnally know her, and that the injury resulted from an attempt to do so. See also: Lee v. State, 246 Ala. 69, 18 So.2d 706 (1944); Title 14, § 398, Code of Alabama 1940.
AFFIRMED.
All the Judges concur.

. The Supreme Court stated that the admissibility of such statements was founded on the probability that a man will deny an unfounded accusation and, therefore, silence or a response which is not a denial is a tacit admission that the accusation is true. The Court did not fully accept such reasoning, stating that such a rule depended upon the time, place, and manner in which the accusation is made, and the purpose from which it proceeds, and on the peculiar temperament and characteristics of the person accused.