The appellant was convicted for second degree murder and sentenced to fifteen years' imprisonment.
The evidence of how the murder occurred is in direct conflict. The State's chief witness, Albert Luther Morrow, testified that the appellant hit Billy Salters on the side of his head with a wine bottle when Salters attempted to get his wine back from the appellant. In a confession given to the police and at trial, the appellant maintained that Morrow hit Salters in the head with a brick after Salters hit the appellant in the head with a wine bottle. There is no conflict over the fact that a dispute arose when Salters discovered the appellant drinking his wine. The only issue is who hit Salters.
 I
Although the appellant contends that his conviction was obtained on the uncorroborated testimony of Morrow, this was a question for the jury. Where there is a conflict in the evidence as to whether a witness is an accomplice and the testimony is susceptible to different inferences on that point, the question is one for the jury. Jacks v. State,364 So.2d 397, 403 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala. 1978). Where the issue of whether the State's witness is an accomplice is for the jury, the denial of the defendant's motion to exclude the State's evidence for insufficient corroboration is not error. Jacks, 364 So.2d at 404.
 II
The appellant contends that the trial court erred in excluding and failing to permit *Page 337 
testimony of statements made by the deceased to his friends and to members of the police department after the beating. Argument is submitted that the statements were not hearsay because they were offered merely for proving that the statements were made.Bryant v. Moss, 295 Ala. 339, 329 So.2d 538 (1976). The statements are allegedly to the effect that the deceased said that "he did not know who beat him", that "someone at the carnival beat him", and that he was beaten up at a place other than where this offense allegedly occurred.
Statements and declarations of a deceased are not competent evidence for or against an accused in a murder prosecution unless made in his presence, or unless they are admitted in evidence as part of the res gestae or constitute dying declarations. Kitchens v. State, 251 Ala. 344, 346,37 So.2d 428 (1948); Holland v. State, 162 Ala. 5, 11, 50 So. 215
(1909); Hill v. State, 339 So.2d 1077, 1080 (Ala.Cr.App.), cert. denied, 339 So.2d 1082 (1976). See also Reaves v. State,158 Ala. 5, 48 So. 373 (1909); Lakey v. State, 18 Ala. App. 442,93 So. 51 (1922).
Here the statements of the deceased were properly excluded. The only significance of these statements was not in the simple fact that they were made but in the truth of the factual matter asserted. See 6 Wigmore, Evidence, § 1770 (Chadbourn revision, 1976). The statements were not made in the presence of the appellant. There was no preliminary evidence to justify the admission of the testimony as dying declarations. Wilson v.State, 140 Ala. 43, 37 So. 93 (1904). Statements made by the deceased the day after he received the ultimately fatal blow are not part of the res gestae because so far removed in point of time. Twitty v. State, 197 Ala. 185, 72 So. 405 (1916);Ludlow v. State, 156 Ala. 58, 47 So. 321 (1908); Inman v.State, 23 Ala. App. 484, 127 So. 262 (1930); Chappell v. State,15 Ala. App. 227, 73 So. 134 (1916). The statements made by the deceased some time after his injury to other witness were pure hearsay and were not shown to constitute dying declarations. Therefore they were properly excluded.
We have searched the record and found no error prejudicial to the appellant. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur. *Page 506