The appellant, Alfred Laney, was convicted of burglary in the second degree, a violation of § 13A-7-6, Code of Alabama 1975. He was sentenced to 15 years' imprisonment. Section 13A-7-6(b) provides, in pertinent part, that "a person commits the crime of burglary in the second degree if he unlawfully enters a lawfully occupied dwelling-house with intent to commit a theft or a felony therein."
It was not disputed at trial that the appellant entered the apartment of Melanie Reid without permission. What was in dispute was why the appellant entered Ms. Reid's apartment.
The state presented evidence that, on March 10, 1992, the appellant went to Ms. Reid's apartment. The appellant is the father of Ms. Reid's baby, who was living with Ms. Reid at that time. Ms. Reid, her baby, and Ms. Reid's guest, Devoy Thomas, were inside the apartment. Thomas testified that the appellant yelled from outside the apartment that he was "fixing to kill both of y'all," and that the appellant broke one of the apartment's windows.
Thomas testified that Ms. Reid handed him a pistol as the appellant came into the apartment. According to Thomas, the appellant began hitting and choking Ms. Reid. Thomas fired the gun twice. One shot hit the appellant, and the other fatally injured Ms. Reid.
The appellant denied assaulting Ms. Reid. He said that he entered the apartment because he heard his baby crying.
After the defense presented its case, the state called Norma Ramsey, an acquaintance of Ms. Reid's, as a rebuttal witness. Ms. Ramsey testified that Ms. Reid had told her of instances when the appellant had assaulted her.
The appellant contends that the court erred in allowing Ms. Ramsey to testify about the content of conversations she had had with Ms. Reid. When the state first attempted to call Ms. Ramsey as a witness during its case-in-chief, the court did not allow her to take the stand. The court reserved ruling on the admissibility of her testimony until after the defense presented its case.
After the defense presented its case, the court allowed Ms. Ramsey to testify about her conversations with Ms. Reid because, the court determined, evidence of other instances of assault was relevant to establishing the appellant's purpose in entering the apartment. The court instructed the jury that Ms. Ramsey's testimony could be considered for the limited purpose of determining the appellant's purpose in entering Ms. Reid's apartment.
The appellant, however, objected to Ms. Ramsey's testimony on the basis that it was hearsay. "Hearsay testimony consists of an out-of-court statement offered to prove the truth of the matter asserted." Brannon v. State, 549 So.2d 532, 539
(Ala.Cr.App. 1989). "The hearsay rule is based upon the idea that out-of-court statements are to be excluded because they are unreliable and untrustworthy." *Page 1026 
C. Gamble, McElroy's Alabama Evidence § 242.01(1) (4th ed. 1991).
Here, Ms. Reid's out-of-court statements to Ms. Ramsey were offered to prove "the truth of the matter asserted" — that the appellant had assaulted Ms. Reid in the past. This hearsay evidence of prior instances of assault was received into evidence to show that the appellant intended to assault Ms. Reid when he entered her apartment on March 10, 1992.
The Alabama Supreme Court, addressing a similar situation, held that "[s]tatements made by a homicide victim introduced for the purpose of showing the intent of the accused do not fall within an exception to the hearsay rule as such." Ex parteBryars, 456 So.2d 1136, 1138 (Ala. 1984).
 " 'A statement made by the victim of a crime is ordinarily hearsay and inadmissible, unless it constitutes a recognized exception such as res gestae, a dying declaration, a threat, a declaration as to state of mind made by a victim upon his departure to meet the defendant, or a complaint in connection with a sex crime.' C. Torcia, Wharton's Criminal Evidence § 260 (14th ed. 1986). 'Statements and declarations of a deceased are not competent evidence for or against an accused in a murder prosecution unless . . . they are admitted in evidence as part of the res gestae or constitute dying declarations.' Lovett v. State, 491 So.2d 1034 (Ala.Cr.App.), cert. denied, 491 So.2d 1039 (Ala. 1986) (quoting from Hargrove v. State, 368 So.2d 335, 337 (Ala.Cr.App. 1979)). See also Holland v. State, 162 Ala. 5, 50 So. 215
(1909)."
 ". . . 'Utterances made before the occurrence of the main fact may be admissible as part of the res gestae, if made as a part of the principal transaction, in reference to or in contemplation of it, or if it tends to explain the intent, motive, or purpose of the declarant.' R. Williams, Williams' Alabama Evidence § 141 (1967). ' "To be admissible as res gestae, the declaration of a deceased person must have been made at such a time and under such circumstances as to be a part of the transaction which [it purports] to explain. . . ." ' Lovett v. State, 491 So.2d at 1036."
Jones v. State, 570 So.2d 775, 778 (Ala.Cr.App. 1990).
Here, Ms. Ramsey's testimony concerning statements made by Ms. Reid that the appellant had assaulted her in the past were hearsay. They did not fall within any exception to the hearsay rule. Applying the well-settled law regarding hearsay, we must hold that the court committed reversible error when it received this hearsay into evidence.
For the foregoing reason, the appellant's conviction is reversed and this case is remanded to the Circuit Court for Jefferson County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur. *Page 1340