"`Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' Edward W. Cleary, McCormick on Evidence 584 (1972). Hearsay is not admissible except as provided by the Alabama Rules of Evidence or by other rules adopted by the Supreme Court of Alabama or by statute. Ala.R.Evid. 802. Hearsay is not admissible because it violates the right of confrontation and cross-examination guaranteed by the Sixth Amendment to the United States Constitution. To overcome the inability to confront a witness, a statement by an out-of-court declarant must bear . . . `adequate indicia of reliability.' Reliability can be inferred in a case where the evidence falls within a firmly rooted hearsay exception. Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), quoting Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)."
James v. State, 723 So.2d 776, 779 (Ala.Crim.App. 1998).
I agree with the majority that the victim's statements to her friends Darlene Riggins and Sharion Walker describing acts of domestic violence against the victim by Bobby Baker constitute inadmissible hearsay. See Laney v. State, 643 So.2d 1024
(Ala.Crim.App. 1994) (holding that statements made by the victim to a friend about past assaults the defendant had made upon her were inadmissible hearsay); and Jones v. State, 570 So.2d 775
(Ala.Crim.App. 1990) (holding that statements made by the victim to his family a few hours before the defendant shot him about his relationship with the defendant were inadmissible hearsay).
I further agree with the majority that the victim's statements to Officers Riley, Smith, and Martin as presented in the record before us constitute inadmissible hearsay. I believe, however, that had the State laid the proper predicate the victim's statements to the officers may have been admissible as excited utterances.
One firmly rooted hearsay exception is an excited utterance. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement cause by the event or condition." Rule 803(2), Ala. R. Evid. Thus, "[a] statement concerning a startling occurrence or condition is admissible to prove the truth of the matter asserted therein, over a hearsay objection, if: (1) it concerns the *Page 290 
occurrence or condition and (2) is made while the speaker is under the stress of the nervous excitement created by the perception." Author's Statement of the Rule, Charles Gamble,Alabama Rules of Evidence § 803(2) (1995).
Had the State laid the proper predicate and established that the victim's statements to the officers were made under the stress of nervous excitement and fear and not upon reflection, those statements could have been properly admitted to establish Baker's intent to terrorize the victim. See Jackson v. State,629 So.2d 748, 756-57 (Ala.Crim.App. 1993); Ex parteWhisenhant, 555 So.2d 235 (Ala. 1989); United States v.Rivera, 43 F.3d 1291 (9th Cir. 1995) (statements made by rape victim were properly admitted under Rule 803(2), Fed.R.Evid., despite time lapse of 30 minutes between rape and statements because the victim was clearly still under stress or excitement of the rape); Dawson v. Commonwealth, 867 S.W.2d 493
(Ky.Ct.App. 1993) (holding admissible victim's statement to officer immediately after incident of domestic violence and holding inadmissible victim's statement to another officer at a later time because of lack of spontaneity). Thus, if the State can establish that the victim's statements to Officers Riley, Smith, and Martin about the acts of domestic violence against her by Baker were excited utterances, the evidence may be admissible over a hearsay objection as evidence of intent to terrorize under Rule 404(b), Ala. R. Evid.
I agree with the majority's holding that the victim's statement to Officer Woodruff that she was afraid Baker was going to kill her was admissible as evidence of the victim's state of mind. I disagree with the majority that is the only purpose for its admissibility. The evidence was also admissible over a hearsay objection as Rule 404(b) evidence of intent to terrorize. The testimony of Officer Woodruff, as presented, detailing the victim's statements regarding a car ride with Baker to the Citgo gasoline service station satisfies the requirements of an excited utterance and, therefore, was properly admitted over Baker's hearsay objection. Officer Woodruff testified that when she arrived at the scene, Tracy Baker was sitting in a man's pickup truck. She testified that the victim had informed her that she had jumped out of a car being driven by Baker when he stopped at the Citgo station allegedly to purchase some duct tape to tie her up, that she ran to a truck in the parking lot and got in it, that she informed the man in the truck that he had to telephone the police and that she was not going to get out of his truck until the police got there, and that she did not get out of the truck until Officer Woodruff arrived. These facts establish that the statements were spontaneous and that they were made after a startling occurrence; therefore, they can be considered excited utterances. I maintain that the victim's statements presented through the testimony of Officer Woodruff were properly admitted over a hearsay objection as Rule 404(b) evidence of intent to terrorize.
The Court of Criminal Appeals, citing James v. State,723 So.2d 776 (Ala.Crim.App. 1998), held that the testimony of the law-enforcement officers regarding statements made by the victim describing acts of domestic violence against her by Baker constituted inadmissible hearsay. The facts in James, however, are distinguishable from the facts in this case relating to Officer Woodruff's testimony.
In James, the trial court admitted into evidence police reports that had resulted from complaints against James by the victim and her grandmother. The victim had filed three complaints charging harassment *Page 291 
and one complaint charging burglary. The State presented the police reports to show that James had threatened the victim in the months before she was killed. The Court of Criminal Appeals concluded that because the statements the victim and her grandmother made to the police officers were made days after the events being reported, the statements constituted inadmissible hearsay. The Court of Criminal Appeals specifically noted:
 "The complaints were not voiced perceptions of an occurring event, but were recollections of past events. The declarants had time to plan and to formulate their statements before telephoning the police. Therefore, there was no evidence that the statements of [the victim] had the requisite indicia of reliability or `particularized guarantees of trustworthiness' to overcome their characterization as hearsay."
723 So.2d at 781.
Unlike the statements of the victim and her grandmother to the officer in James, the statements made by this victim to Officer Woodruff occurred immediately following Baker's act. The testimony indicates that the victim's complaint was made when the officer responded to an emergency call and that the victim was still in a state of emotional stress when the officer arrived on the scene. Consequently, the victim's statements were properly admitted to show Baker's intent to terrorize the victim.
I further disagree with the majority's conclusion that the improper admission of the evidence that was hearsay was not harmless. I believe that the testimony concerning Baker's prior abuse of the victim was harmless in light of the following: (1) Although inartfully presented through the testimony of Officers Smith and Riley, but evidenced by Exhibit A (a list of Baker's arrests and the disposition of those arrests), evidence was presented indicating that Baker had been arrested and convicted of harassing his wife; (2) eyewitness testimony was presented by the State from a witness who was present with the victim in a car when Baker rammed his car into the car she and the victim were in and attempted to drag the victim out of the car; (3) Baker's admission in his statement that he shot through the front door of Sharion Walker's residence with an assault rifle demanding to know the victim's whereabouts; (4) Baker's admission that he heard the victim tell him that she would not get in the car because she knew he was going to kill her; and (5) Baker's admission to shooting at the victim while she was in the car "just trying to scare her." This evidence amply establishes Baker's intent to terrorize the victim and renders innocuous the improperly admitted hearsay evidence.
Based on my reading of the record, there is no "`reasonable possibility that the evidence complained of might have contributed to the conviction.'" Chapman v. California,386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (quoting Fahyv. Connecticut, 375 U.S. 85, 86-87, 84 S.Ct. 229, 11 L.Ed.2d 171
(1963)). Merely because the inadmissible hearsay was the first evidence presented and mentioned by the State in its argument does not create such prejudice to overcome the condemning evidence of the intent to terrorize, much of which was established through Baker's statement, or the overwhelming evidence that Baker killed his wife. Consequently, I must dissent from the judgment reversing Baker's conviction. *Page 292