WINDOM, Presiding Judge.
C.L.H. appeals the juvenile court’s order adjudicating her delinquent based on a charge of second-degree burglary, see § 13A-7-6, Ala.Code 1975, and her sentence to participate in the Alabama Department of Youth Service’s High Intensive Training Program, which was suspended pending her completion of probation. For the reasons that follow, this Court reverses the juvenile court’s judgment and remands the cause for further proceedings.
The State presented uncontested evidence establishing that on December 5, 2011, Maria Reed and Molina Williams’s apartment on 8th Street in Decatur was burglarized. The record established that while Reed was asleep in the apartment, burglars entered the apartment and stole a television, an Xbox gaming system, and a blanket.
The State presented evidence that C.L.H. drove H.S., J.H., A.R., and P.T. in her Honda automobile to the apartment on 8th Street in Decatur where Reed and Williams lived. J.H. knocked on the door, but Reed, who was asleep, did not answer. H.S., J.H., A.R., and P.T. then entered the apartment and stole a television and an Xbox. J.H. and H.S. wrapped the television in a blanket and took the television and the Xbox to the Honda. J.H., H.S., and C.L.H. left the apartment in the Honda. The record is conflicting as to whether P.T. and A.R. left on foot or in the Honda with the others.
To establish that C.L.H. was involved in the burglary, the State presented uncon *405 tested evidence that C.L.H. was in a relationship with H.S. and that she drove a Honda automobile. The State also offered an out-of-court statement given by A.R. to police. The circuit court admitted the statement over an objection by C.L.H. on the ground that admission of the statement would violate the Confrontation Clause. In his statement, A.R. said:
“ ‘My name is [A.R.], I’m 19 years old and I live at 1016 6th Avenue, Southwest. I met up with [H.S.], [J.H.] and [H.S.]’s girlfriend. She is a white girl. They were in a gray Honda. We went riding and we picked [P.T.] up from his apartment at the Willows. After that we went to the apartments on 8th Street, Southwest by 2nd Avenue. [J.H.] said he knew an apartment we could break into. We went to the front door and walked in. Me, [H.S.], [J.H.] went in the apartment. Inside the apartment they took a TV and an Xbox from the living room. They wrapped them up in a blanket and we went out the back door. Me and [P.T.] walked off. [H.S.], his girlfriend and [J.H.] all left in the Honda with the TV and Xbox. They were supposed to sell it and split the money with us. Me and [P.T.] got stopped down the street. We were running to [T.A.] ’s house. I know it was wrong to go in and take that girl’s stuff.’ ”
(R. 56-57.) In addition, the State offered, over C.L.H.’s hearsay objection, a recording of a telephone call Brenda Dawson made to 911 during the burglary in which she informed a 911 operator that her granddaughter said that C.L.H. was one of the people participating in the burglary. Finally, the State offered text messages sent from C.L.H.’s cellular telephone that stated, in part, “Cuh betta not tell on me.”[1] (R. 71.)
After the State rested, C.L.H. testified that she did not participate in the burglary. C.L.H. stated that she drove J.H., P.T., and H.S. to an apartment on 8th Street. According to C.L.H., J.H. got out of the car and went to an apartment. He knocked on the door, but no one answered. C.L.H. testified that only J.H. got out of the car, and that nothing had been stolen from the apartment at that point. She said that after no one answered the door, J.H. returned to the car and she drove all the men to 2nd Avenue. After dropping off the men on 2nd Avenue, she went to the Health Department. C.L.H. denied that any of the men burglarized the apartment while she was with them. She also denied that she sent the text message stating, “Cuh betta not tell on me.” (R. 71.) According to C.L.H., other people had access to her cellular telephone.
After reviewing all the evidence, the juvenile court adjudicated C.L.H. delinquent based on a charge of second-degree burglary under § 13A-7-6, Ala.Code 1975.
On appeal, C.L.H. argues that the State improperly used the statement of A.R., who did not testify, to establish her guilt. Specifically, C.L.H. argues that the State’s admission of evidence consisting of her accomplice’s out-of-court confessions to law enforcement violated her right to confront the witnesses against her. See U.S. Const. Amend. VI. This Court agrees.
*406 “The Sixth Amendment’s Confrontation Clause provides that, ‘[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.’ ” Crawford v. Washington, 541 U.S. 36, 42, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Thus, “the Sixth Amendment [prohibits the admission of] testimonial hearsay [statements offered to prove the truth of the matter asserted], ... and interrogations by law enforcement officers fall squarely within that class.” Crawford, 541 U.S. at 53 (2004); see also id. at 59 n. 9 (citing Tennessee v. Street, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985) (explaining that the Confrontation Clause “does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted”)). Accordingly,
“It is well settled that[, when offered for the truth of the matter asserted,] a nontestifying codefendant’s statement to police implicating the accused in the crime is inadmissible against the accused; it does not fall within any recognized exception to the hearsay rule and ... its introduction violates the accused’s confrontation rights. See Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986); Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); R.L.B. v. State, 647 So.2d 803 (Ala.Crim.App.1994); Ephraim v. State, 627 So.2d 1102 (Ala.Crim.App.1993).”
Jackson v. State, 791 So.2d 979, 1024 (Ala.Crim.App.2000). See also Lilly v. Virginia, 527 U.S. 116, 139, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (holding that the admission of an accomplice’s out-of-court confession violated the petitioner’s Confrontation Clause rights); Hillard v. State, 53 So.3d 165, 169 (Ala.Crim.App.2010) (holding that a codefendant’s statement to police was inadmissible hearsay under Rule 802, Ala. R. Evid.).
Here, A.R., one of C.L.H.’s accomplices, did not testify at trial. Rather, the State offered A.R.’s out-of-court statement to police. A.R.’s statement established that H.S.’s girlfriend was present when the burglary was planned and that H.S.’s girlfriend participated in the burglary by driving the men to the apartment in her Honda. The State offered evidence establishing that C.L.H. is H.S.’s girlfriend and that she drives a Honda. Accordingly, the introduction of A.R.’s “statement to police implicating [C.L.H.] in the crime ... violate[d] [her] confrontation rights.” Jackson, 791 So.2d at 1024.
Further, this Court holds that the erroneous admission of A.R.’s statement to police was not harmless beyond a reasonable doubt. See Rule 45, Ala.R.App. P.; Ward v. State, 105 So.3d 449, 459 (Ala.Crim.App.2012) (recognizing that, under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), before a constitutional error can be deemed harmless, the appellate court must be able to declare that the error was harmless beyond a reasonable doubt). Other than A.R.’s statement, the only evidence the State presented tending to connect C.L.H. to the burglary was the 911 recording and the text message. As stated above, Dawson was recorded informing a 911 operator that her granddaughter had said that C.L.H. was one of the people participating in the burglary.[2] Although the 911 recording may be sufficient to connect C.L.H. to the burglary, the 911 recording does not establish an overwhelming case of guilt. See Laney v. State, 643 So.2d 1024, 1025-26 (Ala.Crim.App.1994) (“‘The hearsay rule is based upon the idea that *407 out-of-court statements are to be excluded because they are unreliable and untrustworthy.’ C. Gamble, McElroy’s Alabama Evidence § 242.01(1) (4th ed.1991).”). Further, the text message stating, “Cuh betta not tell on me,” did not, without more, establish that C.L.H. was involved in the burglary. (R. 71.) Rather, without context, the text message could have referred to a number of things unrelated to the burglary.
In sum, the State’s admission of A.R.’s out-of-court confession to police violated C.L.H.’s Sixth Amendment right to confront the witnesses against her. Further, “[wjithout [A.R.’s] statement, the residual evidence did not make for an ‘ironclad’ ... case against [C.L.H.].” Ward, 105 So.3d at 449 (quoting Ex parte Greathouse, 624 So.2d 208, 211 (Ala.1993)). Therefore, the erroneous admission of A.R.’s statement was not harmless beyond a reasonable doubt.
Accordingly, the judgment of the juvenile court is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
WELCH and KELLUM, JJ., concur.
BURKE, J., dissents. JOINER, J., joins in dissent.

. Before the conversation via text message was redacted, it read:
"[C.L.H.:] Wea you at
"[Unknown:] Home town
"[Unknown:] Whea herman
"[Unknown:] I seen today an he was wit
that girl. The house yall hit
“[C.L.H.:] Cuh betta not tell on me.”
The circuit court, however, redacted all portions of the text messages that were not sent by C.L.H.

. On appeal, C.L.H. does not challenge the admissibility of the 911 recording.